COOPER v. GEORGIA, CAROLINA AND NORTHERN RY. CO.

1. Railroads.—Nonsuit should not be granted where there is evidence tending to show that the plaintiff was invited by conductor to "get ready to get off," went with him to car step, and train first slowing up, then commencing to go faster, he jumped while conductor was present, and was injured by car.
2. Contributory Negligence.—Definition and explanation of doctrine of contributory negligence as explained by trial Judge approved.
3. Railroads—Negligence.—Presumption of negligence arises from the fact that a passenger is injured while on a train.
4. Ibid.—Contributory Negligence.—In order that the negligence of a passenger amount to contributory negligence, it must be a proximate cause or a concurring proximate cause of the injury.
5. Ibid.—Passenger—Charge.—It would be a violation of the constitutional provision as to charging juries on the facts for a Judge to instruct the jury that the invitation of the conductor, when nearing a staion, to "get ready and get off," was too remote a cause of an injury received while alighting from a moving train at the station.
6. Ibid.—Charge—Jury.—Judge cannot instruct jury how far a train may be stopped away from its usual stopping place, without trenching on the province of the jury.
7. Ibid.—Jury.—Under the pleadings here, it was proper to submit to the jury whether the plaintiff was injured by reason of the failure of the defendant to stop its train at the station.
8. Contributory Negligence.—Illustration of injury occurring to bystander in building a house from negligence of the workmen, *held* to illustrate what is not contributory negligence on part of the injured.

Before Benet, J., Newberry, November, 1900. Affirmed.

Action for personal injuries by Monroe Cooper against Georgia, Carolina and Northern Ry. Co. From judgment for plaintiff, defendant appeals.

*Mr. L. W. Perrin,* for appellant, cites: *There being no proof of negligence on part of defendant in stopping train, nonsuit should have been granted:* 33 S. C., 201; 9 S. E. R., 129; 2 A. & E. R. Ca., 293; 56 S. C., 91. *Invitation to get*

*ready and get off, meant when train stopped:* 5 Ency., 555, 565; 97 Ala., 332; 153 Mass., 490. *Railroads do not insure safety of passengers under all circumstances:* 27 S. C., 271; 20 S. C., 223; 58 S. C., 368; 24 S. E. R., 469; 92 Wis., 636. *Plaintiff must show that injuries complained of was the result of defendant's negligence:* 21 S. C., 470; 20 S. C., 223; 9 S. E. R., 682; 26 S. C., 490; 22 S. C., 557; 42 S. C., 21; 41 S. C., 390. *If plaintiff's testimony shows him to be the author of his own injury, Court should grant a nonsuit:* 23 S. C., 289; 46 S. C., 216; 58 S. C., 495; 97 Ala., 332; 24 S. E. R., 469; 26 S. C., 486; 14 Allen, 290. *Railway company is only liable for such damages as are the natural and reasonable results of the alleged unlawful act:* 14 Allen, 290; 26 S. C., 486; 92 Wis., 636. *Proof must correspond to allegations:* 1 Elliott Gen. Prac., 87. *In the house building illustration, the Judge erred in holding that the injured person was not guilty of contributory negligence: Darwin v. Ry.,* 24 S. C.; 56 S. C., 91.

*Mr. T. P. Cothran,* also for appellant, cites: *There being no testimony to establish the case as made by the complaint, nonsuit should have been granted:* 56 S. C., 94; 54 S. C., 506; 51 S. C., 301; 38 S. C., 282; Wood on Railways, 1435; 96 Wis., 144; 7 Pa. Dist., 34; 32 S. W. R., 34; 23 Penn. St., 147; Patt. Ry. Ac. L., sec. 24; 23 S. E. R., 758; 43 N. E. R., 298; 17 Am. St., 417.

*Messrs Johnstone & Welch,* contra, cite: *On motion for nonsuit, the question is, do the facts tend to establish the allegations?* 34 S. C., 214; 26 S. C., 189; 38 S. C., 208. *Credit to be given testimony cannot be considered on motion for nonsuit:* 26 S. C., 189; 42 S. C., 466. *Negligence is presumed from injury to passenger:* 9 Rich., 89; 26 S. C., 57; 5 Ency., 2 ed., 622, sec. 7; 22 Wall., 341; 42 Fed. R., 37; 83 Ala., 376; 96 Cal., 202; 67 Ga., 306; 76 Ga., 311; 160 Ill., 40; 117 Ind., 435; 36 Ky., 578; 72 Md., 519; 81 Md., 400; 39 Minn., 81; 64 Miss., 693; 16 Barb., 333; 39

How., 407; 8 Pa. St., 479; 166 Pa. St., 520. *Contributory negligence cannot be considered on motion for nonsuit:* 19 S. C., 20; 29 S. C., 319; 59 S. C., 417; 42 S. C., 469. *Whether there was an invitation or order to get off, and what words make it, are questions for jury:* 8 Ency., 2 ed., 581; 38 S. C., 487. *Jumping without an order is not, per se, negligence:* 2 Rap. and Mack's Dig. Ry. Ca., 468, par. 418. *As to the explanation by the Judge of contributory negligence:* 51 S. C., 237; 55 S. C., 192; 56 S. C., 95; 4 El. on R. R., 2547, 2593; 7 Ency., 2 ed., 373; 4 Rich., 228; 59 S. C., 323; 9 Rich., 90. *An exception embodying simply a quotation from a charge, is too general:* 17 S. C., 239; 40 S. C., 537; 42 S. C., 125; 44 S. C., 546; 52 S. C., 82; 57 S. C., 224, 489; 59 S. C., 244, 303; 58 S. C., 49. *What is a remote or proximate cause, is mixed question of law and fact:* 8 Ency., 2 ed., 581; 3 El. on R. R., 1910, sec. 1231. *Defendant is held to an extraordinary degree of care in carrying passengers:* 39 S. C., 162; 41 S. C., 440; 4 El. on R. R., 2469, sec. 1585.

August 5, 1901.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    The action herein is for damages in the sum of $10,000, alleged to have been sustained by the plaintiff at Whitmire, S. C., 14th November, 1897, by reason of the defendant's negligence. The jury rendered a verdict in favor of the plaintiff for $1,500. The allegations of the complaint that are material to the consideration of the questions raised by the exceptions are:

"II. That the plaintiff, on the 14th day of November, 1897, purchased a ticket of the defendant at Carlisle, a station upon the railroad of the said defendant, said State aforesaid, which ticket was for passage to Whitmire, another station upon the said railroad.

"IV. When the last station between the stations of Carlisle and Whitmire was passed, the said conductor reminded the plaintiff that the next station was Whitmire, and when

the train neared Whitmire, and after the signal for the station had been blown, the conductor came and ordered him, the plaintiff, to get ready and get off.

"V. That as the said train slowed up, he, the said plaintiff, got up from his seat and followed immediately behind the conductor to the door of the car in which he was riding, and that the said conductor opened the door of the said car and was followed out of it, to his knowledge, by the said plaintiff, and both he and said conductor were standing on the platform of the said car as the station of Whitmire was being passed. That the said train slowed up as if to stop, but failed to do so, and on the other hand it began to go faster and faster, until the plaintiff despaired of stopping, and obeyed the order and instructions aforementioned, that he should prepare and get off (and accepting the invitation of the said defendant to dismount), in the presence of the said conductor and to the full knowledge of said defendant, the plaintiff jumped from the train and was struck by passing steps thereof, which caused him to fall, so that his foot was passed over by some of the wheels of the said train and mangled most painfully and seriously—in fact, to such an extent that amputation became necessary and his leg was taken off. * * *

"VIII. That as a result of the negligence on the part of the defendant, first, in its failure to stop the said train at Whitmire; second, in ordering and inviting the said plaintiff to dismount from the train while in motion; third, in permitting the said plaintiff, when its train was in motion, and while the plaintiff was in the presence of the said conductor and to the knowledge of said defendant, to jump off of its train, after having ordered and invited said plaintiff to get off. That by reason of all and each of said acts of negligence and carelessness aforesaid on the part of said defendant, the plaintiff was wounded and injured as aforesaid."

The defendant appealed upon exceptions, the first of which assigns error on the part of his Honor, the presiding Judge, in refusing the motion for a nonsuit. The grounds

of the motion were as follows: *"First.* The plaintiff has failed to offer any evidence tending to establish facts from which negligence on the part of the defendant, as alleged in the complaint may be reasonably inferred. *Second.* The plaintiff has failed to offer any evidence tending to establish the fact that the injury received by the plaintiff was the proximate result of the negligence of the defendant as alleged in the complaint. *Third.* The evidence does not tend to establish the fact that the defendant negligently failed to stop its train at Whitmire. *Fourth.* The evidence shows that the plaintiff's injury was the result of his attempt to alight from a moving train without the invitation, express or implied, of the defendant's agent, and the alleged failure to stop the train at Whitmire, cannot be deemed in law a direct, proximate or natural cause of his injury. *Fifth.* The evidence does not tend to establish the fact alleged that the plaintiff alighted from a moving train by order or invitation of the defendant or any of its agents or servants. *Sixth.* The evidence does not tend to establish the fact that the conductor was present when the plaintiff attempted to alight from the moving train, had knowledge of or permitted him to do so, after he had ordered or invited him so to alight. *Seventh.* The evidence shows a state of facts from which only one inference can reasonably be drawn, and that is that the plaintiff's injuries were received in consequence of his own negligence. *Eighth.* The evidence shows that the alleged negligence on the part of the defendant was not the sole proximate cause of the plaintiff's injuries."

In refusing the motion for a nonsuit, the presiding Judge said: "Of course, a motion for a nonsuit should not be granted, if there is any evidence to go to the jury such as might justify them in inferring from the testimony that the plaintiff was entitled to a verdict, or even to discuss whether or not he is entitled to a verdict, if there is any evidence going to sustain the allegations of the complaint, the main allegations which go to the jury. The able argument of

counsel referred to numbers of cases. It is always very difficult, however, to find a case as an authority which will exactly apply to the case in point, and I was struck by the difference between the case now at the bar of this Court and the cases referred to. There were numerous cases cited of the train overshooting the station or stopping place, and even the announcement of the near approach of the stopping place, but I do not think that any one of them mentioned a case in which the conductor ordered or invited or commanded the passenger to prepare to alight or to get off. Now, that in this case is a distinct allegation in the complaint. The three main grounds of the plaintiff's case are: first, the failure of the railway company to stop the train at Whitmire; second, ordering and inviting the said plaintiff to dismount from the train while in motion; and, third, in permitting said plaintiff while the train was in motion and while the plaintiff was in the presence of the said conductor to jump off the train, after having ordered and invited the said plaintiff to get off. Now, there is evidence tending to show that the train did not stop at Whitmire; there is evidence tending to show that the conductor ordered and invited the plaintiff to dismount from the train while in motion; there is evidence tending to show that he was present, which does not mean on the same step of the platform or on the same car. Present means near enough to see, and there is evidence tending to show that he was on the same train and near enough to see. There is evidence tending to show that he told them to get up and get ready to get off and went ahead of them, they following him, and that he stood on the platform of the car, they on the other platform, and that he went into the other car. So, there is evidence tending to show that all three of the grounds assumed by the plaintiff may be proved. It is not for the Court to say whether they are proved or not, but there is evidence tending in that direction.

"As to the question of proximate cause, even if it were proper at this stage, which I doubt, because contributory negligence is a defense, that would be asking the Court to

weigh the negligence on the part of the defendant and the contributory negligence on the part of the plaintiff, and say which is the proximate cause.   If there is evidence of negligence on the part of the railway and also evidence of negligence on the part of the plaintiff, the jury must decide. The Court cannot assume to decide that question at this stage; therefore, I need not take up any time by discussion whether there was an intervening efficient cause.   It is sufficient, if there is evidence tending to show that the railway company was negligent, as alleged by the plaintiff in his complaint.

"There is no doubt that it is not negligence, *per se,* on the part of a passenger under certain circumstances to jump off a moving train, if the train is going slowly enough and the place where he expects to alight is smooth enough, and he is in possession of all his powers and faculties of locomotion, especially if the conductor has invited him to get off.   It is for the jury to say whether it was negligence on the part of the railway company to order or invite a passenger, through its conductor, to get off a train in motion, and then not stop and give him a chance to get off.   As to whether the plaintiff understood that invitation to include to wait until the train stopped, is a question for the jury.   Even if the plaintiff so understood it at first, that that was the intention of the conductor not to get off until it stopped, he might have changed his mind when the train did not stop, and come to the conclusion that he made a mistake, and that the conductor intended him to get off while the train was in motion. So, that under all these aspects of the case, I think it very clear that the motion for a nonsuit should not be granted." The reasons assigned by the presiding Judge in overruling the motion are satisfactory to this Court.

The second exception is as follows: "The presiding Judge erred in modifying defendant's fourth request, which was as follows: 'That plaintiff cannot recover from defendant unless the injury was caused by the negligence of the defendant; not even then, if the plaintiff has so far

contributed to the injury by want of ordinary care that but for the plaintiff's want of ordinary care the accident would not have occurred.' Said modification being to the effect that the contributory negligence of the plaintiff must have been a proximate cause of the accident. The error consisting in this, contributory negligence to any extent will defeat a recovery, and it means such negligence as has some share or agency in producing the result complained of, not that it was the immediate or proximate cause of the injury." In disposing of the foregoing request the presiding Judge used this language: "That is good law, so far as it goes, but it is not sufficiently clear as to what is meant by contributing to the injury; and before passing from it, I had better make plain to you, if I can, what is meant by contributory negligence, and on that subject we have the light thrown upon this case by our Supreme Court when the case was taken up on appeal before. The Supreme Court says this: 'The best definition of contributory negligence we have seen is the following'—and then he quotes from a book. Now, gentlemen, endeavor to catch the meaning of this. 'Contributory negligence is a want of ordinary care upon the part of the person injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred.' Now, here is our Supreme Court announcing solemnly that this is the best definition they have found in all the books. I trust it conveys to you a clear idea, yet I doubt it; it is so difficult to convey in few words what is meant by contributory negligence, but there is one thing that I point out to you here in this definition, that contributory negligence must have in it the element of being a proximate cause, not a remote cause, but a proximate cause from which the accident or injury, in whole or in part, directly and immediately resulted, and but for which either by itself or by the presence of the negligence of the defendant, the injury would not have occurred. The Supreme Court goes on to say: 'It is thus seen that

contributory negligence by the plaintiff can never exist except when the injury has resulted from the negligence of the defendant as a concurring proximate cause.' That phrase 'concurring proximate cause' conveys this idea that the negligence of both, the joint negligence, is the proximate cause, the negligence of the plaintiff and defendant, too, is the proximate cause, the two concurring as a concurring proximate cause. In view of this, our Supreme Court goes on to say: 'And on the well established rule that contributory negligence to any extent will always defeat a recovery, it was error to instruct the jury as above,' by the Judge who presided at the last trial. I repeat that again, where they say contributory negligence, speaking of it as a well established rule, to any extent, will always defeat a recovery. But they have said before that this best definition they can find shows that contributory negligence is itself a proximate cause; so that, when it says 'contributory negligence to any extent,' it does not mean any negligence that is not a proximate cause or a concurring proximate cause. For example, there is a house going up, building up in your town; there are workmen handling heavy timbers or masonry with dangerous machinery. A man goes in to look at the work. He stands there, and while standing there, looking on, he is injured—injured by the workmen, it may be, who are endeavoring to move a mass of masonry or hoist a heavy piece of lumber. It may be that the man's being in the building at all was on his part negligence. If he had not been there, he would not have been hurt; but if it be shown that by the exercise of due care on the part of the workmen he would not have been hurt, that his being there by itself was not a proximate cause, but that the injury was due directly and naturally to the carelessness of the workmen, then his being there might be a cause, because if he was not there, he would not have been hurt; but it would be a remote cause. It could not be regarded as a proximate cause, and, therefore, it would not be regarded as contributory negligence.

23—61

"There is another opinion of the Supreme Court—indeed, there are many opinions of our Supreme Court—in which they have touched upon this subject of contributory negligence; but I shall not trouble you with more than this one, where they have held as follows, and I ask your close attention: 'If the defendant was guilty of such negligence as was the proximate and immediate cause of the injury, the plaintiff would be entitled to a recovery, even though he was also guilty of negligence, provided his negligence was not a proximate and immediate cause of the injury.' You heard this case referred to as the Farley case, a Charleston case. The Supreme Court held that to be the law, again intimating here that the negligence which is properly called contributory negligence, which would defeat a recovery, is such negligence as was a proximate and immediate cause of the injury, the same doctrine as in the new case of Cooper against the Railway Company. They go on to say in the Farley case: 'If the plaintiff was guilty of negligence which was not the proximate cause of the injury, and the proximate cause of the injury was the failure of the defendant to exercise reasonable care and prudence to avoid the injury, the plaintiff would be entitled to a recovery.' Even, you see, if the plaintiff was guilty of negligence, but the negligence on the part of the plaintiff that would defeat a recovery and relieve a defendant of liability, must not simply be any negligence, but it must be such negligence as shows itself to have been a proximate or immediate cause of the injury, or a concurring proximate cause, otherwise it would not be properly called contributory negligence. It might be negligence, but not contributory negligence. With that explanation, I charge you the fourth request." The authorities cited by the presiding Judge are conclusive of this question, and sustain his ruling. Furthermore, there was a presumption of negligence, arising alone from the fact that the plaintiff was injured while a passenger on defendant's train of cars. *Steele* v. *Ry. Co.,* 55 S. C., 389; *Doolittle* v. *Ry. Co.,* recently filed.

The third exception is as follows: "The presiding Judge errer in charging as follows: 'A plaintiff may himself be careless and be injured by the carelessness of a defendant, and unless his own negligence was a proximate cause, that does not relieve defendant of liability, if the defendant's carelessness was a proximate cause of the injury.' The error being same as exception next above." · This exception is disposed of by what was said in considering the second exception.

The fourth exception is as follows: "The presiding Judge erred in refusing the defendant's seventh request to charge, which was as follows: 'If the testimony satisfies the jury that the plaintiff did not under the circumstances of the situation exercise ordinary care, and that this want of ordinary care on his part contributed to the injury, in the sense of having some share or agency in bringing it about, then a case of contributory negligence would be made out, and the jury must find for the defendant. *Modification,* it is not necessary that the negligence of the plaintiff shall be the proximate or immediate cause of the injury. It is sufficient to exculpate the defendant, if the plaintiff's negligence contributes to or has some share or agency in producing the result.' The error being the same as stated in the two exceptions next preceding." The word "modification," which we have italicized, was inserted in the exception by mistake, as it does not appear in the request to charge. The sentence, therefore, should commence with a capital I. In disposing of this request, the presiding Judge said: "I cannot charge you that, because it contains that statement that it is not necessary that the negligence of the plaintiff shall be the proximate or immediate cause of the injury. The Supreme Court has held differently. Before it can be held properly as contributory negligence, it must be shown that it was a proximate cause of the injury. It need 'not have been the sole proximate cause. It may have been a concurring proximate cause, but it must have the element of being a proximate cause of the injury, other-

wise it is not contributory negligence." For the reasons stated by the Circuit Judge, which are in accord with the decisions of this Court, there was no error in refusing the request.

The fifth exception is as follows: "The presiding Judge erred in charging as follows: 'You will bear in mind what I have explained to you is meant by contributory negligence. It does not mean that negligence of plaintiff to any extent will defeat a recovery, but such contributory negligence as I have endeavored to explain to you, namely, such negligence as may be justly regarded as being a proximate, immediate cause of the injury, or a concurring proximate cause of the injury,' whereas he should have charged that: 'contributory negligence to any extent will defeat a recovery, and it means such negligence as has some share or agency in producing the result complained of, not that it must be an immediate and proximate or a concurring proximate cause of the injury.'" This exception is disposed of by what was said in considering the other exceptions.

The sixth exception is as follows: "The presiding Judge erred in refusing defendant's eighteenth request to charge, which was as follows: 'The invitation to get ready and get off, is too remote a cause to excuse or justify a passenger in taking the risk to life and limb by jumping from a moving train, unless the jury conclude that such an act as jumping was in contemplation of the conductor at the time it is alleged to have been given.' The error consisting in this: The only invitation or order testified to by the plaintiff was that before the station was reached the conductor told him, 'This is Whitmire, get ready and get off.' The construction of this invitation was a matter of law for the Court, and it was error, not to charge as requested, 'that it could not amount to an invitation to alight from a moving train, unless such an act was in contemplation of the conductor at the time it was given;' that the Circuit Judge erred in holding that he was not allowed to charge as requested." The presiding Judge said: "That

would be good law, if it did not ask me to charge you what would be a remote cause.   The Court cannot tell you that an invitation 'to get ready and get off,' if that is in evidence, amounts to so and so.   I am not allowed to say to you what the effect of that would be.   I must keep my hands off that, and that makes this request fatal.   I cannot charge it." This exception alleges error on the part of the presiding Judge in refusing to charge as matter of law that the invitation or order, "This is Whitmire, get ready and get off," was too remote a cause of the injury.   He could not have so charged without violating the constitutional provision that "Judges shall not charge juries in respect to matters of fact."   *Pickens* v. *Ry. Co.,* 54 S. C., 498.

The seventh exception is as follows: "The presiding Judge erred in refusing the defendant's nineteenth request, which is as follows: 'A railroad company is not by law required to stop its trains at any particular place, a few feet variation cannot make any difference.   If the train stopped within the station yard, a convenient distance from the station house, it is sufficient.'   The error being in this: The request contains a correct principle of law applicable to the case, and it was error to hold that it would invade the province of the jury to give the same." The presiding Judge said: "That, again, rather asks the Court to pass upon the sufficiency of the evidence.   It is good law, so far as it goes, but if it is intended to indicate to the jury that a few feet in this case would make no difference, I cannot so charge you.   If it is upon a hypothetical case, a supposed case, I would say that might be the law, or would be the law, but I cannot charge in this case, if the evidence shows that the train was moved a few feet beyond the ordinary stopping place, that that would not make any difference.   I cannot charge that to you, because that would be invading the province of the jury in passing upon the effect of the testimony, which the law does not allow me to do."   It was the duty of the defendant to stop its train at the station.   The question whether it so stopped was to be

determined by the jury, and the presiding Judge could not have charged them how many feet past the usual stopping place the train could go, before coming to a standstill, without trenching upon the jurisdiction of the jury.

The eighth exception is as follows: "The presiding Judge erred in modifying defendant's twenty-first request, which is as follows: 'The complaint is based upon the theory that the train having overshot the station, was going faster and faster at the time the plaintiff alighted, and that he was ordered, invited and permitted to alight from the moving train by the conductor. The plaintiff is confined to this theory, and cannot recover upon the theory that, irrespective of such order, command or permission, the train was not going so fast that a man of ordinary prudence would not have made the attempt.' The modification was as follows: 'That is good law, but I would add this: That it is conceivable, that if a passenger is invited or ordered or requested to get ready to get off at a station, and proceeds to get ready to get off, expecting the train to stop, and the train slows up but does not stop, that he may be (it would depend upon the testimony) justified in coming to the conclusion that the train is not going to stop; and if the circumstances are such as would justify a man of ordinary intelligence and common sense in believing that he might get off without danger, he might then get off, and if he is injured under such circumstances, it would be a question for the jury as to whether or not the railroad would be liable to damages. If his getting off was in accordance with the contract implied when he purchased his ticket, he may have come to the conclusion in a supposed case, that the conductor did not intend to stop the train, but that he was to get off when the train was in motion. It is altogether a question for the jury to say whether such was the case or not.' The error consisting in permitting the plaintiff to recover on a state of facts not alleged in the complaint. The complaint is based upon the theory that the train having overshot the station, was going faster and faster at the time the plaintiff alighted,

and that he was ordered, invited or permitted to alight from the moving train by the conductor. The modification permitted him to recover on the theory that in the absence of such order, command or permission, the plaintiff alighted under circumstances such as would justify a man of ordinary intelligence and common sense in believing that he might get off without danger." The complaint alleges three distinct acts of negligence, not dependent upon each other. One of the acts of negligence alleged was the failure of the defendant to stop its train of cars at Whitmire, by which he was injured, irrespective of any order, command or permission of the defendant to alight. The modification was, therefore, proper under the pleadings.

The ninth exception is as follows: "The presiding Judge erred in charging the jury, 'That if a passenger is invited, ordered or requested to get ready and get off at a station, and proceeds to get ready to get off, expecting the train to stop, if his getting off was in accordance with the contract implied when he purchased the ticket, he may have come to the conclusion, in a supposed case, that the conductor did not mean to stop the train, but that he was to get off when the train was in motion.' The error consisting in this, under the circumstances detailed, as a matter of law, the invitation to 'get ready and get off' could never mean to alight from a moving train, but rather to get off when the station is reached, and the train stopped. If the Circuit Judge's refusal of defendant's eighteenth request upon the ground stated by him was correct, then his charge of the reverse in the matter complained of, is error." This is only a portion of the language used by the Circuit Judge in disposing of the defendant's twenty-first request, set out fully in the eighth exception. It was used by way of illustration, and, considering the connection in which it was spoken, was correct.

The tenth exception is as follows: "The presiding Judge erred in charging the jury as follows: 'For example, there is a house going up, building up in your town; there are work-

men handling heavy timbers or masonry with dangerous machinery. A man goes in to look at the work. He stands there, and while standing there looking on, he is injured—injured by the workmen, it may be, who are endeavoring to move a mass of masonry or hoist a heavy piece of timber, it may be that the man's being in the building at all was on his part negligence. If he had not been there, he would not have been hurt; but if it be shown that by the exercise of due care on the part of the workmen he would not have been hurt, that his being there by itself was not a proximate cause, but that the injury was due directly and naturally to the carelessness of the workmen, then his being there might be a cause, because if he was not there he would not have been hurt, but it would be a remote cause. It would not be regarded as a proximate cause, and, therefore, it would not be regarded as contributory negligence.' The error consisting in this: The example used is as clear a case of contributory negligence as could be employed. The party injured would be clearly a trespasser, and his contributory negligence would bar a recovery. Illustration being the most forcible form of teaching, when erroneous, is prejudicial." The presiding Judge used the words by way of illustration in commenting on the defendant's fourth request to charge. Under the authorities hereinbefore mentioned and the case of Doolittle *v.* Ry. Co., recently filed, the illustration did not make out a case of contributory negligence.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.