[14998. Department One. — May 30, 1893.]

## SARAH J. CARR, Respondent, v. EEL RIVER AND EUREKA RAILROAD COMPANY, Appellant.

Negligence — Insufficient Stoppage of Train at Station — Liability of Railroad Company. — It is the duty of a railroad company to stop its train at a station for a reasonable time, in order that passengers may get on and off its cars with safety to themselves, and if it fails so to do, and injury results to passengers from the starting of the train while passengers are alighting, the company is guilty of negligence, and is responsible in damages for such injury.

Id. — Duty of Carrier of Passengers. — A common carrier of passengers for hire is bound to use the greatest care and diligence in their transportation consistent with the carrying on of his business.

Id. — Contributory Negligence — Jumping from Moving Train — Question for Jury — Instruction. — The act of a passenger in jumping from a moving train is not negligence *per se*, but it is for the jury to say, under all the circumstances of the case, whether the act of jumping was justifiable or not; and if the passenger jumped when carried less than one hundred feet beyond the station, after an attempt to alight at the station, where there was no sufficient time allowed to alight with safety, and there is no evidence as to the speed of the train at the time of jumping, it is proper to instruct the jury that if they find that the train did not stop a reasonable length of time to allow the plaintiff to get off, and that she jumped therefrom while the train was in motion, and under such circumstances that an ordinarily cautious, careful, and prudent person would not have apprehended danger therefrom, she was entitled to recover; but if they found that the jumping was under circumstances where such a person would have apprehended danger, it was an act of carelessness which would relieve the defendant from responsibility, and entitle it to a verdict.

Appeal from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Horace L. Smith*, for Appellant.

The court erred in giving instructions 6 and 7 asked for by the plaintiff, as they did not correctly state the law. (*Hurt v. St. Louis etc. R. R. Co.*, 94 Mo. 255; 4 Am. St. Rep. 374; *Nunn v. Georgia R. R. Co.*, 71 Ga. 710; 51 Am. Rep. 284; *Sevier v. Vicksburg· R. R. Co.*, 61 Miss. 8; 48 .Am. Rep. 74; *New Orleans R. R. Co. v. Statham*, 42 Miss. 607; *Raben v. Central Iowa R'y Co.*, 74 Iowa, 732.) The court erred in instructing the jury that it was not necessarily *prima facie* negligence for the plaintiff to have jumped from the train while it was in motion, as such act constituted negligence *per se*. (*Central R. R. etc. Co. v. Letcher*, 69 Ala. 106; 44 Am. Rep. 505; *Jewell v. Chicago etc. R. R. Co.*, 54 Wis. 610; 41

Am. Rep. 63; *Galveston etc. R. R. Co.* v. *Le Gierse,* 51 Tex. 198; *Houston etc. R. R. Co.* v. *Leslie,* 57 Tex. 83; *Lucas* v. *N. B. & T. R. R. Co.,* 6 Gray, 64; 66 Am. Dec. 406; *Morrison* v. *Erie R'y Co.,* 56 N. Y. 302; *Burrows* v. *Erie R'y Co.,* 63 N. Y. 556; *Pennsylvania R. R. Co.* v. *Aspell,* 23 Pa. St. 147; 62 Am. Dec. 323; *Damont* v. *N. O. etc. R. R. Co.,* 9 La. An. 441; 61 Am. Dec. 214; *Railroad Co.* v. *Hendricks,* 26 Ind. 228; *Dougherty* v. *C. B. etc. R. R. Co.,* 86 Ill. 407; *Nelson* v. *A. & P. R. R. Co.,* 68 Mo. 593; *Lake Shore etc. R. R. Co.* v. *Bangs,* 47 Mich. 470.) The evidence is insufficient to support the verdict, as it clearly appears that the plaintiff was guilty of negligence which materially contributed to her injury. (*Jewell* v. *Chicago etc. R. R. Co.,* 54 Wis. 610; 41 Am. Rep. 63; *Pennsylvania R. R. Co.* v. *Aspell,* 23 Pa. St. 147; 62 Am. Dec. 323; *Gavett* v. *Railroad Co.,* 16 Gray, 501; 77 Am. Dec. 422; *Hickey* v. *Railroad Co.,* 14 Allen, 429; *Hurt* v. *Railway Co.,* 94 Mo. 255; 4 Am. St. Rep. 374; *Kelly* v. *Hannibal etc. R. R. Co.,* 70 Mo. 604; *Strauss* v. *Kansas City R. R. Co.,* 75 Mo. 185; *Nelson* v. *A. & P. R. R. Co.,* 68 Mo. 593; *Illinois Cent. R. R. Co.* v. *Stratton,* 54 Ill. 133; 5 Am. Rep. 109; *Chicago & A. R. R. Co.* v. *Randolph,* 53 Ill. 510; 5 Am. Rep. 60; *Illinois Cent. R. R. Co.* v. *Lutz,* 84 Ill. 598; *Houston etc. R. R. Co.* v. *Leslie,* 57 Tex. 83; *Burrows* v. *Railroad Co.,* 63 N. Y. 556; *Lake Shore etc. R. R. Co.* v. *Bangs,* 47 Mich. 470; *Secor* v. *Railroad Co.,* 10 Fed. Rep. 15; *Bon* v. *Railway Ass'n Co.,* 56 Iowa, 664; 41 Am. Rep. 127; *Railroad Co.* v. *Hendricks,* 26 Ind. 228.)

*Chamberlin & Wheeler,* and *Ford & Burnell,* for Respondent.

Instructions 6 and 7, as given, correctly state the two well-known rules of law: 1. That it is the duty of a carrier of passengers to stop its train at a station a reasonable length of time for a passenger to alight in safety, and that a failure so to do is actionable negligence (*Wheaton* v. *N. B. etc. R. R Co.,* 36 Cal. 590; *Murphy* v. *Rome etc. R. R. Co.,* 10 N. Y. Supp. 354; 2 Redfield on Railways, 263; *Keller* v. *S. C. etc. R. R. Co.,* 2 Minn. 75); and 2. That if the carrier does not stop its train a reasonable time for a passenger to alight, it is guilty of negligence in suddenly starting its train without notice

or warning, while the passenger is endeavoring to alight there-from.    (2 Rorer on Railways, 1065; *Curtis* v. *D. & M. R. R.*, 27 Wis. 158; *Indianapolis & St. L. R. R.* v. *Horst,* 93 U. S. 291; *Cincinnati etc. R. R. Co.* v. *Cooper,* 120 Ind. 469; 16 Am. St. Rep. 334; *St. Louis etc. R. R. Co.* v. *Finley,* 79 Tex. 85; *Keating* v. *N. Y. etc. R. R.,* 49 N. Y. 673; *Robinson* v. *W. P. R. R. Co.,* 48 Cal. 409.)    Common carriers of passengers are required to exercise the utmost care and diligence.    (Story on Bailments, sec. 601; *Wheaton* v. *N. B. etc. R. R. Co.,* 36 Cal. 593; *Pennsylvania R. R. Co.* v. *Aspell,* 23 Pa. St. 149; 62 Am. Dec. 323; *Jamison* v. *S. J. etc. R. R. Co.,* 55 Cal. 593; *Texas etc. R. R. Co.* v. *Miller,* 79 Tex. 78; 23 Am. St. Rep. 308.)    The charge given by the court to the effect that it was not necessarily *prima facie* negligence for a passenger to jump from a moving train was properly given.    Whether a passenger is or is not guilty of negligence is a question of fact for the jury.    (*Jackson* v. *St. Louis I. M. & S. Co.,* 29 Mo. App. 495; *Raben* v. *Central etc. R. R. Co.,* 74 Iowa, 732; *Covington* v. *W. etc. R. R. Co.,* 81 Ga. 273; *Jones* v. *Railroad Co.,* 42 Minn. 183; *St. Louis etc. R'y Co.* v. *Person,* 49 Ark. 182; *Nance* v. *N. C. R. R.,* 94 N. C. 619; *Doss* v. *Missouri R. R. Co.,* 59 Mo. 27; 21 Am. Rep. 371; *Lloyd* v. *Hannibal etc. R. R.,* 53 Mo. 509; *Sayhoff* v. *M. etc. R'y Co.,* 19 Iowa, 409; *Curry* v. *C. etc. R. R. Co.,* 43 Iowa, 685; *Levitt* v. *C. etc. R. R. Co.,* 64 Iowa, 228; *Jefferson etc. R. R. Co.* v. *Hendricks,* 41 Ind. 48; *Stager* v. *Railroad Co.,* 119 Pa. St. 70; *Connor* v. *Railroad Co.,* 105 Ind. 62; *Railway Co.* v. *Murphy,* 46 Tex. 356; *Strand* v. *C. etc. R. R. Co.,* 64 Mich. 216; *Cumberland etc. R. R. Co.* v. *Morgan,* 61 Mich. 53; *Clemens* v. *Hannibal etc. R. R. Co.,* 53 Mo. 366; 14 Am. Rep. 460; *Delmalyr* v. *Milwaukee etc. R. R. Co.,* 24 Wis. 578; *Strauss* v. *Kansas etc. R. R. Co.,* 14 Cent. L. J. 355; *Louisville etc. R. R. Co.* v. *Orunk,* 119 Ind. 542; 12 Am. St. Rep. 443.) An act that a prudent man would do in a like case cannot be regarded as contributory negligence.    (*Lawrence* v. *Green,* 70 Cal. 417; 59 Am. Rep. 428; *Lewis* v. *Riverside W. Co.,* 76 Cal. 249; *Mitchell* v. *Southern Pacific R. R. Co.,* 87 Cal. 62; *Gaynor* v. *O. etc. R. R. Co.,* 100 Mass. 21; 1 Am. Rep. 71; *Fernandes* v. *S. C. R. R. Co.,* 52 Cal. 45; *Chidester* v. *Con. D. Co.,* 59 Cal. 197; *Whitsett* v. *Railroad Co.,* 67 Iowa, 150.)

GAROUTTE, J.—Respondent recovered five thousand dollars damages for personal injuries, claimed to have been sustained by her through the negligence of appellant, and this appeal is prosecuted from the judgment and order denying a motion for a new trial. The first count of the complaint relies for a recovery upon the theory that plaintiff, a passenger, was not allowed a reasonable time to alight from the train at Rhonerville, her point of destination, but that appellant negligently and carelessly started the train while she was upon the steps of the coach, preparatory to alighting, and thereby threw her to the ground, causing permanent injuries.

The second count of the complaint is based upon the allegations that appellant negligently carried its coach in which she was seated beyond the platform for the use of passengers alighting from the cars at said station, and stopped the said coach at an unsuitable place for passengers to alight therefrom; that respondent attempted to alight, but appellant failed to allow her a reasonable time within which to do so, and while she was upon the steps of the coach, attempting to leave the train, the coach was started, she was thrown to the ground, and the injuries received. The answer denies negligence upon the part of the railroad company and alleges contributory negligence upon the part of the respondent, in this, that she attempted to alight from the train while it was in motion, and after it had started from the station. There was some evidence offered by appellant tending to support its contention in this regard.

It is claimed that the law is not properly declared in instructions 6 and 7, which read as follows:—

"6. It is the duty of the carrier of passengers to stop the train a sufficient length of time to enable passengers to alight in safety, and to hold the train still during such time. It is negligence for the carrier to start the train without warning passengers after making such stop, and before the passenger has had a reasonable time to leave the car. Should the carrier start the train while the passenger is on the steps of the car, in the act of alighting, without giving sufficient time to alight, and without giving notice to the passenger, whereby the passenger is thrown from the car and injured, then the carrier is guilty

of negligence, and is responsible in damages for all the injuries caused the passenger by such negligent act.

"7. Should you find from the evidence that on the fourth day of May, 1890, plaintiff was a passenger on the train of defendant from Alton to Rhonerville station, that the train was stopped on its arrival at Rhonerville station for passengers to leave the cars; that immediately upon the stoppage of the train the plaintiff left her seat in the car, and went out upon the platform or steps of the car for the purpose of alighting; that the defendant started the train before the plaintiff had time to leave the car, and while she was on the steps of the car in the act of leaving it, without giving her notice or warning; and that the plaintiff was thrown from the car by its starting and injured without fault on her part, then, in that event, I charge you that your verdict must be for the plaintiff for the damages sustained by her, not exceeding the amount claimed in the complaint."

The principle of law involved in the foregoing instructions is the same, and considering them together, it is clearly stated and entirely correct. An elementary principle governing the conduct of common carriers of the character of appellant is contained in these charges of the court, and that is, it is the duty of a railroad company to stop its train at a station a reasonable time in order that passengers may get on and off its cars with safety to themselves. The court incorporates an additional principle into the instruction, to the effect that, if such common carrier does not stop its train for a reasonable length of time in order that passengers may get on and off, it is guilty of negligence in starting the train without notice or warning that it is about to start. It is first declared that the railroad company must stop at each station a reasonable time, and if injury results to passengers owing to its failure so to do, then it is guilty of negligence. Such being the law, and the soundness of the proposition cannot be doubted, the additional element incorporated into the charge of the court becomes self-evident as an unquestioned legal principle. The law demands of a common carrier of passengers for hire that he observe the utmost caution, characteristic of a very careful, prudent man. The carrier is bound to use the greatest care and diligence in the transporta-

tion of passengers, consistent with the carrying on of his business, and in view of these demands of the law, appellant has no just cause of complaint against this portion of the court's charge.

Upon the part of the appellant evidence was introduced to the effect that respondent jumped from the train while it was in motion, and it is now contended that if such was the fact, it was negligence *per se* upon her part, and the court should have instructed the jury to that effect. Conceding that respondent alighted from the train while in motion, there was some evidence in the case tending to show that the train did not stop at the station a sufficient length of time to enable passengers to alight with safety; that the respondent was upon the lower step of the coach, preparatory to alighting, when the train started, and that the train had traveled a distance of less than one hundred feet when she jumped, conceding that she did jump. No evidence is disclosed by the record as to the rate of speed the train was traveling at that moment, and upon this state of facts the court gave the jury the following instruction:—

"Ordinarily a passenger would be held not to be justified in getting off the train while it is in motion, except at his own risk. Unless the train is moving very slowly, and the circumstances are specially favorable, it would be deemed *prima facie* negligence. It is not necessarily so, however, and if you believe from the evidence that the plaintiff stepped from the defendant's train while in motion, you are to determine the question of negligence on her part from all the evidence and circumstances in the case. If you believe from the evidence that the defendant's train did not stop a reasonable time to allow her to get off, and started while she was in the act of alighting, and that she jumped from the steps of the car while the train was leaving the station and in motion, and under such circumstances that an ordinarily cautious, careful, and prudent person would not have apprehended danger therefrom, then you will find for the plaintiff; but if you find from the evidence that sufficient time was not allowed her to get off the car, and that she jumped from the steps of the car while the train was leaving the station and in motion, and under such circumstances that an ordinarily cautious, careful, and prudent person would

have apprehended danger therefrom, then it was such an act of carelessness as would relieve the defendant from the responsibility otherwise resting upon it, and your verdict will be for the defendant."

The legal principle enunciated in this instruction is attacked as not sound, appellant's position being that the act of a passenger in jumping from a moving train is negligence *per se,* with the exception that by the act of the carrier the passenger has been placed between two dangers, or that some situation was created by the carrier which interfered with his free agency, and created in his mind a confidence that the attempt to leave the moving train could be made in safety. There is nothing in the record involving the question of the exercise of an immediate judgment upon the part of the respondent as to the choice of one of two impending dangers, and therefore we eliminate that element from the case. The remaining exception stated by appellant to the general rule upon which he relies is not made plain to us by counsel; neither do we find it recognized in the books. Appellant's claims in this regard are drawn from the facts of certain cases where the passenger has been injured in alighting from a train at the suggestion of the brakeman or conductor. Such was the case of *Filer* v. *New York C. R. R. Co.,* 49 N. Y. 47; 10 Am. Rep. 327; but that case and others, which as to the facts are found in company, do not recognize the rule of negligence *per se,* by reason of alighting from or boarding a moving train, and do not base their respective decisions upon an exception to such rule by reason of the advice or suggestion of one of the employees of the company. A passenger's act in jumping from a moving train may be grossly negligent, and thereby release the carrier from all liability, notwithstanding it was done at the suggestion or upon the assurance of safety by the employee. The employee's advice at the moment is in no sense conclusive upon the passenger as to his negligence or non-negligence in jumping from the train. Like every other circumstance surrounding the transaction, it casts some light upon the scene, and thereby aids the court according to the power and brilliancy of its light in each particular case to determine what a careful, prudent man would have done, placed in the position of the unfortunate

passenger. This is all that is decided in the Filer case, and in no sense does the doctrine there declared form an exception to any general principle found in the law of negligence.

The earlier cases in many instances recognize the principle of negligence *per se* in alighting from a moving train, but modern authority to a great extent has supplanted that doctrine with broader views upon the question. In this case the court carefully and fairly stated to the jurors what in law would constitute "negligence" and "contributory negligence" upon the part of the respondent, and with that law in their possession remanded them to the jury-room to find the facts, and apply the law to the facts. Under the conditions surrounding respondent immediately prior to the injury, and to which we have already adverted, conceding the company's claim that respondent jumped from a moving train, still we think the case without question justified the instructions of which complaint is now made. No trial court would be authorized to grant a nonsuit upon the facts, and such being the case, the instruction was properly given.

Volume 2 of the American and English Encyclopedia of Law, page 762, says: "When a passenger, on having been set down or taken up at the station to or from which the railway has contracted to carry him, is injured in the attempt to board or leave a moving train, the railway is liable if the person injured in getting on or off the train did not incur a danger obviously apparent to the mind of a reasonable man." In the Filer case the court supports the foregoing doctrine as follows: "That there was more hazard in leaving a car while in motion, although moving ever so slowly, than when it is at rest is self-evident; but whether it is imprudent and careless to make the attempt depends upon circumstances; and where a party by the wrongful act of another has been placed in circumstances calling for an election between leaving the cars or submitting to an inconvenience and a further wrong, it is a proper question for a jury, whether it was a prudent and ordinarily careful act, or whether it was a rash and reckless exposure of the person to peril and hazard." In the well-considered case of *Johnson v. Westchester & Philadelphia R. R. Co.*, 70 Pa. St. 357, the trial court indorsed the principle of negligence *per se*, and

the supreme court said: "Instead, therefore, of the rule laid down by the learned judge, he should have left it to the jury to say, under all the circumstances in evidence, whether the danger of boarding the train when in motion was so apparent as to have made it the duty of the plaintiff to desist from the attempt." To the same effect is the *Louisville & National R. R. Co.* v. *Crunk*, 119 Ind. 542; 12 Am. St. Rep. 443, where the party jumped from a train moving at the rate of four and a half miles per hour, and that was held not to be negligence *per se.* (See also *Central Railroad & Banking Co.* v. *Miles*, 88 Ala. 256; *Nichols* v. *Dubuque & Dakota R'y Co.*, 68 Iowa, 732; *Pennsylvania Co.* v. *Marion*, 123 Ind. 422; 18 Am. St. Rep. 330.)

Among other cases relied upon to support appellant's position is *Jewell* v. *Chicago etc. R. R. Co.*, 54 Wis. 610; 41 Am. Rep. 63. That case is opposed to the views we have expressed and to the authorities we have cited. It does not state the better doctrine, and many of the decisions from other courts upon which it relies for support are not in line with it upon the facts.

We notice no other matters in the record demanding our attention.

For the foregoing reasons, let the judgment and order be affirmed.

HARRISON, J., and PATERSON, J., concurred.