[No. 19317.   Department One.—August 1, 1894.]

## SARAH RAUB, APPELLANT, v. LOS ANGELES TERMINAL RAILWAY COMPANY, RESPONDENT.

NEGLIGENCE—QUESTION OF FACT—NONSUIT.—In an action for an injury caused by negligence, where the negligence of the defendant is not attempted to be shown by any single act or omission, but is an ultimate fact resulting from other facts and circumstances in the case, to be ascertained upon the consideration of those facts and circumstances viewed in connection with the respective relations of the parties, the issue of negligence is so much a question of fact, or is so dependent upon the determination of controverted facts, that its existence must be left to the jury, and a nonsuit should not be granted.

ID.—DUTY OF RAILROAD CORPORATION—TIME FOR ALIGHTING AT STATION —INJURY TO PASSENGER—BURDEN OF PROOF.—It is the duty of a railroad corporation to afford a reasonable time for passengers to alight from its cars at the station to which it has assumed to carry them, and if a passenger is injured while attempting to alight at such station, by reason of the sudden and unannounced starting of the train, the burden

is thrown upon the company of showing that the injury was not the result of its own act or negligence.

ID.—STOPPAGE AT STATION—INVITATION TO ALIGHT—FAILURE TO ANNOUNCE STATION.—Where the evidence tends to show that the station at which the plaintiff alighted is a regular station upon the road at which passengers were wont to get on and off daily, and that the conductor had informed the plaintiff that he always stopped there, the plaintiff was authorized to consider the stopping of the train at the station as an invitation by the defendant to alight, although the conductor failed to announce the station before reaching it.

ID.—CONTRIBUTORY NEGLIGENCE OF PLAINTIFF—QUESTION FOR JURY.— Where it appears that when the train reached the station it stopped a short distance beyond the platform, and·that while the plaintiff was in the act of alighting, and when he had reached the lower step of the car, the train started without any warning, throwing plaintiff to the ground, which caused the injuries for which the action was brought, the facts do not prove contributory negligence *per se*, but the question of the plaintiff's negligence should be submitted to the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. L. Murphey*, for Appellant.

*Burnett & Gibbon*, for Respondent.

HARRISON, J.—The plaintiff took passage upon a car of the defendant to be transported from Glendale to De Camp station. De Camp station is a station upon the road of the defendant within the limits of the city of Los Angeles, and is printed upon the published time table and list of its stations. The defendant does not issue tickets from Glendale for that station, but for all stations or stopping places within the limits of Los Angeles tickets are sold to Los Angeles. The trains of the defendant always stop at this station, and passengers are accustomed to get off and on at that place. The plaintiff had frequently taken passage from Glendale, had got off and on at this station, and had been informed by the conductor that he always stopped there. On the morning of May 6, 1892, she purchased a ticket at Glendale for Los Angeles, and

took passage on the defendant's road.   When the train reached De Camp station it stopped a short distance beyond the platform, and while the plaintiff was in the act of getting off, and had reached the lower step of the car, the train started without any warning, and she was thrown to the ground, and received injuries for which this action was brought.   At the trial the court granted a nonsuit, and the plaintiff has appealed.

We think that the nonsuit should not have been granted.   Whether the plaintiff was entitled to a recovery depended upon her ability to show that her injury resulted from negligence on the part of the defendant.   The negligence of the defendant in the present case was not attempted to be shown by any single act or omission whose import or character was in no respect uncertain, but was an ultimate fact resulting from other facts and circumstances in the case, and was to be ascertained upon a consideration of these facts and circumstances viewed in connection with the respective relations of the parties.   In such a case the issue of negligence is so much a question of fact, or is so dependent upon the determination of controverted facts, that its existence must be left to the jury.

It is the duty of a railroad corporation to afford a reasonable time for passengers to alight from its cars at the station to which it has assumed to carry them, and if a passenger is injured while attempting to alight at such station, by reason of the sudden and unannounced starting of the train, the burden is thrown upon the company of showing that the injury was not the result of its own act or negligence.   The defendant's permission to its passengers to get on and off its trains at De Camp station would counteract its claim that the plaintiff was negligent in attempting to get off at that station, and the fact that passage tickets which it sold for Los Angeles were recognized by it as equally available for all stations within the limits of Los Angeles must be considered as a permission, if not an invitation, to get off at any of those stations.   The defendant can-

not avail itself of the failure of the conductor to announce the station before reaching it as evidence of negligence on the part of the plaintiff. The evidence tended to show that it was a regular station upon the road at which passengers were wont to get on and off every day, and, as the plaintiff had always been informed by the conductor that he always stopped there, she was authorized to consider the stopping of the train at the station as an invitation by the defendant to get off. We held in *Carr* v. *Eel River R. R. Co.*, 98 Cal. 366, that it was not negligence *per se* for a passenger to get off from a moving train that had carried him beyond the station called for by his ticket, and under the principles of that case it cannot be considered to have been negligence on the part of the plaintiff herein to attempt to get off from the train after it had stopped at a point beyond the platform. Under the principles of that case the question of the plaintiff's negligence should have been submitted to the jury.

The judgment and order denying a new trial are reversed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.