6592

## MARTIN v. SOUTHERN RY.

1. RAILROADS—WANTONNESS.—That a conductor promised a girl passenger of tender years that he would come to her and assist her off when her station was called; at her station her father asked the conductor if any passengers were aboard for that station, to whom he first motioned to a car and afterwards said he did not know; train was not stopped at usual stopping place and passengers not assisted or instructed to get out, are sufficient to carry case to jury on question of wantonness.

2. RAILROADS—PASSENGERS.—CHARGE here as to duty of railroad to stop its cars at the usual place for letting off passengers, and as to care required of a passenger in alighting, and as to effect of aid by a stranger in alighting, does not put what the passenger thinks is care and prudence in the place of the standard prescribed by the law.

3. IBID.—IBID.—If a railroad company fail to stop its train at the usual stopping place for letting off passengers, it should suppose the passenger would attempt to alight from the moving train, if he could do so prudently, and when a stranger assists him in doing what he had intended doing and he is injured, it is for the jury to say whether the negligence of the company or that of the person assisting him were the proximate cause of the injury.

4. IBID.—NEGLIGENCE—JURY.—Failure to stop a passenger train at the usual place for letting off passengers is *prima facie* negligence. What is stopping at the station, and what is the usual stopping place, is for the jury.

Before KLUGH, J., Fairfield, March Term, 1906. Affirmed.

Action by Elizabeth B. Martin, by guardian, against Southern Ry. Co. From judgment for plaintiff, defendant appeals.

*Mr. J. E. McDonald,* for appellant, cites: *What must appear to warrant a verdict for punitive damages:* 54 S. C., 505; 60 S. C., 74; 51 S. C., 170; 65 S. C., 326; 69 S. C., 445; 75 S. C., 160; 62 S. C., 270; 64 S. C., 423; 68 S. C., 89. *There was no legal duty on conductor to assist plaintiff:* 27 S. C., 268; 46 S. C., 218; 53 S. C., 203. *Intervening negligence of the one assisting the passenger off was the proximate cause of the injury:* 1 Thomp. on Neg., sec. 55; 1 Cool. on Torts, 99; 21 Ency., 485; Whitis, Thomp. on Neg., sec. 54; Watson on Dam. for Personal Injuries, sec. 70; 7 A. & E. R. R. Cas., N. S., 359; 94 U. S., 469; 12 Kan., 277; 95 Pa. St., 295; 62 Kan., 727; 65 Kan., 390; 58 L. R. A., 403; 117 Pa., 390; 149 Pa., 222; 27 L. R. A., 583; 85 Pac. R., 686; 111 Mass., 136; 51 N. E., 1; 145 Fed. R., 273; 67 S. C., 68; 76 S. C., 202. *Standard of Negligence:* 20 S. C., 219; 27 S. C., 271. *Usual stopping place is for jury:* 61 S. C., 357. *Judge cannot charge as to fact, nor state what facts constitute negligence:* 51 S. C., 460; 47 S. C., 488; 49 S. C., 650; 50 S. C., 168; 53 S. C., 151, 451; 54 S. C., 509; 56 S. C., 531, 399; 57 S. C., 340; 58 S. C., 329; 59 S. C., 434; 61 S. C., 563; 63 S. C.. 494; 71 S. C., 159; 76 S. C., 63.

*Messrs. Buchanan and Hanahan,* contra, cite: *Presumption is against capacity in infant:* 66 S. C., 47; 62 S. C., 132. *The proof supports punitive damages:* 54 S. C., 498;

34 S. C., 311; 53 S. C., 210; 72 S. C., 350; 76 S. C., 248. *Doster* v. *Tel. Co. Capacity and discretion of one of tender years are always for jury:* 82 U. S., 401; 84 U. S., 657; 202 U. S., 600; 152 U. S., 262; 176 U. S., 232; 66 S. C., 47; 70 S. C., 242; 27 S. C., 456; 13 Pet., 181; 69 N. Y., 158; 51 S. C., 302; 75 S. C., 177; 7 Am. St. R., 823. *Whether the stranger contributed to the injury is for jury:* 6 Cyc., 633-4; 76 S. C., 204. *Violation of a statute is negligence per se:* 53 S. C., 121; 58 S. C., 223; 68 S. C., 446; 6 Cyc., 586; 38 S. C., 485; 152 U. S., 262; 1 Street Leg. Lia., 172; 67 S. C., 61; 65 S. C., 440; 35 S. C., 493; 61 S. C., 345; 41 S. C., 440; 9 Rich. L., 84; 55 S. C., 389; 62 S. C., 130; 35 S. C., 405; 72 S. C., 136; 140 U. S., 435.

July 13, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. Elizabeth B. Martin, by her guardian *ad litem,* Milo B. Martin, brought this action to recover damages of the defendant railway company for personal injuries alleged to have been caused by the negligent, reckless and wanton conduct of the defendant in failing to stop its train at the usual stopping place at Dawkins, a station in Fairfield County, and put her off. The facts are as follows: On December the 23d, 1904, plaintiff, a girl of thirteen years of age, being in Spartanburg attending school and wishing to go home for the holidays, purchased a ticket for Dawkins, her home, and boarded defendant's train. As the conductor was taking her ticket she requested him to help her off at her destination. He instructed her to keep her seat until the station was called and promised then to see her off. When the train reached Dawkins it went into a side track to allow the up train to pass. It then came back on the main line and, according to plaintiff's testimony, stopped some distance above the regular stopping place. Here one or two passengers alighted and as many got on. Plaintiff, thinking the train would stop at the regular place, kept her seat. Her father, who was at the station to meet

her, asked the conductor if there were any passengers for that place, and on being motioned to the car near which the conductor was standing he boarded it. On failing to find his daughter, according to his testimony, he again asked the conductor if there were any passengers for Dawkins, and he responded that he did not know. Soon after the train began to move away, and plaintiff, who was in an extra car behind the one her father had entered, seeing her father and recognizing that the train was not going to stop again, jumped or was pushed off and injured. The defendant denied that it was negligent, and for a defense alleged contributory negligence on the part of the plaintiff. The case was tried at the March, 1906, term of Court for Fairfield County, and resulted in a verdict of one thousand dollars for the plaintiff. Judge J. C. Klugh, the presiding Judge, having refused a motion for a new trial, the defendant appealed.

The first exception alleges error on the part of the Circuit Judge in refusing to charge the jury that there was no evidence in the case tending to show wantonness, wilfulness, or recklessness on the part of the defendant.

1 Could such a charge have been made? The testimony was uncontradicted that the plaintiff asked the conductor to help her to alight from the train at Dawkins. He admitted himself that he told her to keep her seat until the station was called and he would then help her off as best he could; that he was approached by plaintiff's father and asked as to passengers for Dawkins. The overwhelming weight of the testimony was that the train stopped from eighty to ninety yards from the regular stopping place. From these facts the jury might infer that there was such a disregard of plaintiff's rights as to amount to recklessness; that the conductor's mind adverted to his duty and he failed to perform it. It is possible that the crowded state of the train might have led him to forget for the time his promise to the plaintiff, a matter as regards which he did not testify, but we are unable to think it at all probable that he could

honestly have failed of his duty after being questioned repeatedly concerning it. The question was properly submitted to the jury.

The Circuit Judge charged the jury as follows: "The defendant was bound not only to stop its train at the usual place, and for sufficient time, but if there were other circumstances which required extra care, even beyond that, on the part of the defendant, then the defendant was bound to give such extra care to the plaintiff, and if the defendant failed to do that, and some volunteer, attempting not to perform the duties of the defendant but attempting to aid the plaintiff in her efforts to alight from the train, and in that way, the plaintiff while exercising the prudence that the circumstances required of her, and that a person of her situation, of her condition, would ordinarily exercise, was attempting to alight from the train, if you find that some person, whether it was a stranger or passenger, or who, was attempting to aid her in her own efforts to do what, under the circumstances of the situation, she thought was proper and prudent for her to do, then, although that conduct on the part of the stranger along with the conduct of the plaintiff herself may have led to her getting off the train and suffering injury, yet if the negligence of the defendant brought about that state of things, and if the negligence of the defendant in failing to stop its train at the proper place, or for a sufficient time, and in failing to render any extra assistance, if it was required by the circumstances of the case, if that was still the direct and proximate cause of the plaintiff's injury, then the defendant would still be liable, notwithstanding the fact that some other person may have also intervened and aided the plaintiff in her efforts to get off of the train." Defendant objected to this charge on the ground that it in effect instructed the jury that the act of a third person in putting plaintiff off of the train could not be the proximate cause of her injuries if defendant failed to stop its train at the usual place, and for a sufficient time, or did not render the

assistance required; and that by such charge his Honor made the standard of plaintiff's negligence, or contributory negligence, to depend entirely upon "what under the circumstances of the situation she thought was proper and prudent for her to do" instead of the standard prescribed by law. Reference to the charge will clearly show that the last objection cannot be sustained. The Circuit Judge was very thorough in his charge as to contributory negligence. He charged that the law requires of every person ordinary care, the care that a person of ordinary prudence under the circumstances would exercise; that the law does not hold a person of immature years to the same rule of measurement that it does a mature person; that if a child is a mere infant that it is not capable of negligence, but if it is advanced in years and developed in intelligence to such an extent that it is capable of exercising some degree of care, then the law requires of such child the exercise of such a degree of care as a child of ordinary intelligence, ordinary development of a similar age would naturally or usually exercise; that in this case, if the jury find that the plaintiff was a child of immature years, and that for a child of that degree of development she exercised the ordinary care that a child of such age would exercise, then negligence could not be imputed to her under the circumstances; that if she did not exercise such care, then she could not recover. This was the tenor of the Judge's entire charge. That the propositions of law laid down by him are correct is too evident to require citation of authority.

The other question is fraught with more difficulty. It is well settled that before recovery can be had for negligence it must be shown that the injury was the proximate result of that negligence. If there be an intervening cause and the prior cause do nothing more than give rise to the circumstances under which the injury occurs, then such prior cause cannot be said to be the proximate cause. There may be, however, a succession of causes and the first be the proximate cause. *Cooper* v. *Richland Co.,*

76 S. C., 202; *Mayrant* v. *City of Columbia, ante,* 281, June, 1907. The above charge sought to convey to the jury that if a third person aided the plaintiff in doing what under the circumstances she would have done without such aid, then his act could not be the proximate cause of her injury. It was perfectly natural for the defendant to suppose that if it failed to stop its train at the usual place at Dawkins that plaintiff, if she thought she could prudently do so, would endeavor to get off. If she were injured in getting off, provided she exercised ordinary care, then the failure to stop would be the proximate cause of her injury. Now, if a third person helps her to do what she intended doing on account of the negligence of the defendant, it seems perfectly clear that the act of such third person was not necessarily the proximate cause, but merely an aid in carrying out the result which would inevitably have followed from her own independent act. The distinction between this case and the cases cited by the appellant is, that there is evidence from which the jury might infer the plaintiff was about to alight without respect to the interference of the third person, while in those cases the result took place merely from a condition brought about by the third persons, without whom it would not have happened. Take, for instance, the case of *Snyder* v. *Ry.,* 85 Pac., 686, where the conductor on a crowded train pushed a passenger against another, who pushed him off of the train. There no injury would have resulted had it not been for the act of the passenger. If the plaintiff had no intention of alighting from the train but was pushed off by a third party, there would be room to assign the act of such third party, and not the negligence of the defendant, as the proximate cause. But inasmuch as in this case there is evidence from which the jury might infer the defendant was negligent, and that the plaintiff could have undertaken to alight from the moving train in the exercise of ordinary prudence, and would have done so of her own volition, the fact that an outsider aided and accelerated her act of alighting would not be sufficient to

take from the jury the consideration of what was the proximate cause. In this view of the case we think the Circuit Judge was correct and properly submitted it to the jury to say whether the defendant's act was the proximate cause of the injury.

The consideration of these questions disposes of the motion for a new trial, which was made upon the grounds: 1st, that there was no evidence of wantonness or recklessness; 2d, that the injuries were caused by the act of a third person. There being evidence on both of these issues this Court cannot interfere. *Miller* v. *Ry.*, 69 S. C., 116, 48 S. E., 99; *Wilson* v. *Assurance Co.*, 51 S. C., 549, 29 S. E. 245.

The fifth exception alleges error on the part of the Circuit Court in charging that it is *prima facie* negligence on the part of a carrier to fail to stop its cars at the usual stopping place. It is the duty of railroads to stop their trains at their stations. Civil Code, sec. 2134; *Cooper* v. *Ry.*, 61 S. C., 357, 39 S. E., 543. It has been held in a number of cases that failure to give the signals at crossings as required by statute is negligence *per se*. *Bowen* v. *Ry.*, 58 S. C., 223, 36 S. E., 590; *Smith* v. *Ry.*, 53 S. C., 121, 30 S. E., 697. We are unable to see that this statute is more mandatory than the one now under consideration, or that one duty is superior to the other. Hence the only logical and consistent view is that it is negligence *per se* for defendant to fail to stop its train at its station. What is stopping at a station is a question which must be left to the jury. *Cooper* v. *Ry.*, *supra*. Likewise what would constitute the usual stopping place must be a question for that body. It may include a greater or a less distance, according to the circumstances. The stopping place is the station, and if the jury find that the carrier did not stop at the station then *prima facie* it is negligent. This contention is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.