YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.*
LITTLETON.

Opinion delivered May 7, 1928.

200

*W. G. Dinning* and *H. D. Minor,* for appellant.

*Fred M. Pickens,* for appellee.

McHANEY, J. Appellee, W. R. Littleton, is the father of the other appellee, Henry Littleton, a boy 14 years of age in 1925. Prior to December 10, 1925, Henry Littleton had been visiting with his brother, Earle, in Vicksburg, Mississippi, where he contracted typhoid fever, and was confined for some weeks in a hospital. After being discharged from the hospital, he stayed with his brother some three or four weeks, and then decided to go home. He went to the station, in company with his brother, Earle, and cousin, M. S. Littleton, and there bought a ticket to Newport, Arkansas, via Memphis, Tennessee. Earle informed the station agent that the ticket was being purchased for his brother, Henry, who was in a very weak condition on account of a long spell of the typhoid fever, and the agent directed him to the conductor of the train on which Henry would make the journey to Memphis. They saw the conductor, stated the facts to him regarding his condition, that he would need assistance in getting on and off the train, and in making his transfer in Memphis, and the conductor assured them he would look after appellee and assist him in making the transfer in Memphis. He was thereupon assisted on the train at Vicksburg, and the attention of the conductor was directed to him and his location on the train. But for the assurance of the conductor that he would look after Henry, Earle would have gone with him, as he was not able to take care of himself.

On arrival in Memphis, the conductor neglected to take any care of Henry, and in attempting to get off the train and get into the station alone, he fell and received severe and painful injuries. Thereafter this action was

instituted, and a recovery was had against appellant in the sum of $1,000 in favor of W. R. Littleton and $1,500 in favor of Henry Littleton.

The only error relied upon for a reversal of this case is the giving, over appellant's objection, of appellees' instruction No. 1, which is as follows: "You are instructed that, when a carrier accepts as a passenger a sick or disabled person, with full knowledge of said person's infirmities, if special care is necessary to be bestowed for the protection of such passenger, the carrier will be held negligent if it fails to bestow such care; and if you find from a fair preponderance, or the greater weight of testimony in this case, that the defendant company accepted as a passenger the plaintiff, Henry Littleton, and that the said Henry Littleton was in a weak and disabled physical condition, to such an extent as to need assistance in alighting from the train of the defendant and getting into the station at Memphis, Tenn., and that defendant's conductor, on said train on which plaintiff was a passenger, was notified of plaintiff's condition before his acceptance as a passenger, and had full knowledge of same, and that defendant's employees failed and neglected to bestow the care necessary to prevent plaintiff from being injured in alighting from said train and getting into the station at Memphis, Tenn., and as a result of defendant's employees' negligence in failing to bestow such assistance and care upon said plaintiff, the plaintiff was injured, and that the negligence of the employees of defendant company in failing to bestow such care as aforesaid caused said injury, then you would be authorized to find for the plaintiff."

The particular part of said instruction complained of is "that defendant's employees failed and neglected to bestow the care necessary to prevent plaintiff *from being injured* in alighting from said train and getting into the station at Memphis," and that, as a result of defendant's "failing to bestow *such assistance and care* upon said plaintiff," the injury occurred, the plaintiff was entitled to recover. It is said that this instruction requires more

than has ever been required of any passenger carrier, because it makes the carrier an insurer. And it is further said that the instruction is wrong for the further reason that, after a passenger arrives at his destination and gets off the train, it is not required to exercise the extraordinary care required by law of a carrier of passengers during actual transportation. And the following quotation from Hutchinson on Carriers is relied upon, to the effect that, "while the carrier of passengers does not warrant the safety of his passengers as the common carrier does that of goods, he is bound to provide for their safe conveyance as far as human care and foresight will go, or, as some courts have expressed it, to exercise for the safety of his passengers while upon his conveyance the highest or utmost degree of care and diligence which human prudence and foresight will suggest, in view of the character and mode of conveyance employed." Hutchinson on Carriers, 3d ed., § 896.

*St. L. I. M. & S. Ry. Co.* v. *Woods*, 96 Ark. 311, 131 S. W. 869, 33 L. R. A. (N. S.) 855, is also relied upon, where this court said:

"The higher degree of care is exacted only during the time in which a passenger has given himself wholly in charge of the carrier—while on the train or getting on or off—for then only is the passenger subjected to the peculiar hazards of that mode of travel, against which the carrier must exercise the highest degree of skill and care."

We agree entirely with these statements of the law, but here we have a person who was incapable of taking care of himself, and both the agent selling the ticket and the conductor in charge of the train were notified of such condition. In fact, Earle Littleton would have accompanied his brother to Memphis and attended to his transfer himself had not the company, through its conductor, assured him that this duty would be performed willingly and readily by him. The railroad company had the right, through its agents, to refuse to accept the passenger in the condition he was without an attendant, but,

having accepted him as a passenger, with the agreement on the part of the conductor to take care of him, not only while on the train but in getting off and making his transfer to another train, or safely into the depot, the law placed upon the company the same high degree of care after alighting from the train as it did during actual transportation. It is undisputed that he continued to be a passenger at the time he was injured. The relation of passenger and carrier still existed, and, under the peculiar circumstances existing in this case, it was the duty of the company, through its conductor, to have given that care and attention necessary in order to protect him from the very injury that occurred to him.

Mr. White, in his work on Personal Injuries on Railroads, vol. 2, page 586, states the law as follows:

"The law does not require a passenger carrier to receive and carry an insane or drunken person, or one with an infectious disease, or whose physical or mental condition is such that his presence may cause injury or discomfort to other passengers, and the carrier may rightfully refuse to carry such persons. Nor is it compelled to accept disabled or sick persons, traveling without an attendant or nurse, where due care toward such persons would require an attendant or nurse to properly look after the welfare of such a passenger.

"Where the carrier voluntarily accepts such a person as a passenger, however, if special care is necessary to be bestowed for the protection of such a person, the carrier will be held negligent if it fails to bestow such care; and in case of injury to such a passenger, by the neglect of his additional duty, made necessary because of the physical condition of the passenger so accepted, the carrier would be liable in damages therefor."

In this instance the passenger required special care and attention. Appellant voluntarily accepted him as a passenger, knowing his condition, knowing that he required special care and attention, and was guilty of negligence in failing to exercise such care. This, as we understand the instruction complained of, is all that it

requires. The injury having occurred in Tennessee, the action for negligence, if any, is governed by the law of Tennessee. *K. C. Sou. Ry. Co.* v. *Phillips,* 174 Ark. 1019, 298 S. W. 325.

We do not understand the rule in Tennessee to be different from that heretofore stated by Judge White. See *Louisville, Nashville & Great Sou. Rd. Co.* v. *Simon Fleming,* 14 Lea 128, and *Southern Railway* v. *Mitchell,* 98 Tenn. 27, 40 S. W. 72.

The rule in Tennessee and Mississippi, as elsewhere, is that the carrier is under no obligation to furnish an attendant for disabled passengers, and that they may refuse to accept them as passengers without an attendant. But, having accepted them as passengers, knowing them to be disabled, it is their duty to render such special attention as may be necessary under the circumstances in each case.

We find no error, and the judgment is affirmed.