[L. A. No. 23401. In Bank. Feb. 21, 1955.]

PAUL E. McBRIDE, Appellant, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation) et al., Respondents.

Sampson & Dryden and Jacob Swartz for Appellant.

Robert W. Walker and J. H. Cummins for Respondents.

CARTER, J.—Plaintiff, Paul E. McBride, appeals from a judgment of nonsuit in an action to recover damages for personal injuries which resulted when he fell while alighting from the steps of one of the defendants' railroad cars.

Plaintiff was a fare-paying passenger in a Pullman car on defendant railroad's Grand Canyon line which originated at Los Angeles and was eastbound. Plaintiff, who had undergone a knee operation and was using crutches, boarded the train at Fullerton to go to Needles, California. After leaving Los Angeles, the train stopped at Fullerton, where plaintiff got on, then at Riverside, San Bernardino, Barstow and Needles, where he was injured while disembarking. At each stop, the door of the car in which plaintiff was riding was opened so that passengers might get on and off. Some passengers used the steps of the car in question to get on and off the train at Fullerton and perhaps at San Bernardino before the train arrived at Needles.

The record shows that it was dark when the train arrived at Needles, plaintiff's destination; that the porter, conductor, brakeman, plaintiff's brother, sister-in-law and two nieces, preceded him down the steps; that as plaintiff was proceeding down the steps, using his crutches, he slipped and fell face forward from the step which was third from the top to the platform, striking his knees first and then falling in a prone position. Plaintiff testified that as he started to fall, he noticed the wet mouth-end of a cigar on the railroad car step; that after his fall, he found a portion of the cigar on the cap at the bottom of one of his crutches. Plaintiff testified that the porter was standing at the foot of the steps, but that he did not ask if he could assist him to alight, and that he did not ask if plaintiff were hurt after his fall; that his brother and two strangers helped him to his feet from his prone position on the platform. The medical testimony shows that the accident proximately caused permanent injury to plaintiff's knees. The record shows that it was the porter's duty to "see the steps [were] clean and the handrails [were] wiped down" at every station and that he had not cleaned the steps after the train left Los Angeles. The record also shows that neither plaintiff, nor any of his party (brother, sister-in-law, or their children) had been, or were, smoking.

Plaintiff's first contention is that the duty of care owed to a passenger by a common carrier includes the use of the

utmost care and diligence for his safe carriage which includes the period of debarkation.

Plaintiff correctly states the rule that the duty of care owed to a passenger by a common carrier includes the use of the utmost care and diligence for his safe carriage (Civ. Code, § 2100; *Taylor* v. *Luxor Cab Co.,* 112 Cal.App.2d 46 [246 P.2d 45]; *Pezzoni* v. *City & County of San Francisco,* 101 Cal.App.2d 123 [225 P.2d 14]; *Finley* v. *City & County of San Francisco,* 115 Cal.App.2d 116 [251 P.2d 687]; *Scarborough* v. *Urgo,* 191 Cal. 341 [216 P. 584]; *Rystinki* v. *Central California T. Co.,* 175 Cal. 336 [165 P. 952]; *Kline* v. *Santa Barbara etc. Ry. Co.,* 150 Cal. 741 [90 P. 125]; *Bosqui* v. *Sutro R. Co.,* 131 Cal. 390 [63 P. 682]). Plaintiff also contends, with merit, that the carriage of a passenger includes the period during which the passenger is disembarking from the common carrier. In *Fitzgerald* v. *Southern Pac. Co.,* 36 Cal.App. 660 [173 P. 91], it was held that the relation between carrier and passenger continues until the latter has alighted, and the carrier must exercise as high a degree of care in affording passengers a reasonable opportunity to alight in safety as in carrying them safely. (See also *Vietti* v. *Hines,* 48 Cal.App. 266 [192 P. 80]; *Sellars* v. *Southern Pac. Co.,* 33 Cal.App. 701 [166 P. 599]; *Carr* v. *Eel River & Eureka R.R. Co.,* 98 Cal. 366 [33 P. 213, 21 L.R.A. 354]; *Raub* v. *Los Angeles T. Ry. Co.,* 103 Cal. 473 [37 P. 374]; *Maxwell* v. *Fresno City Ry. Co.,* 4 Cal.App. 745 [89 P. 367].)

"A motion for nonsuit may properly be granted '. . . when, and only when, disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff.' (*Card* v. *Boms,* 210 Cal. 200, 202 [291 P. 190]; see, also, *Blumberg* v. *M. & T. Inc.,* 34 Cal.2d 226, 229 [209 P.2d 1]; *Golceff* v. *Sugarman,* 36 Cal.2d 152, 153 [222 P.2d 665].) 'Unless it can be said as a matter of law, that . . . no other reasonable conclusion is legally deducible from the evidence, and that any other holding would be so lacking in evidentiary support that a reviewing court would be impelled to reverse it upon appeal, or the trial court to set it aside as a matter of law, the trial court is not justified in taking the case from the jury.' (*Estate of Lances,* 216 Cal. 397, 400 [14 P.2d 768]; see also *Raber* v. *Tumin,* 36 Cal.2d 654, 656 [226 P.2d

574].)'' (*Palmquist* v. *Mercer*, 43 Cal.2d 92, 95 [272 P.2d 26].)

Viewing the evidence in the light most favorable to plaintiff in accord with the foregoing rule, it appears that the porter had failed to inspect and clean the car steps at each stop made by the train in accordance with his specific duty; that as plaintiff started to fall while descending the car steps, he noticed a wet cigar butt on the step from which he fell; that after he had fallen to the platform he found a portion of the wet cigar stub on the cap of one of his crutches. The trier of fact could have legitimately inferred from this evidence that had the porter cleaned the steps there would have been no foreign substance there to come in contact with one of plaintiff's crutches, causing it to slip and plaintiff to fall to the platform, causing his permanent injury.

In *Rystinki* v. *Central California T. Co., supra,* 175 Cal. 336, 343, where plaintiff was injured while alighting from a common carrier, defendant carrier specified as prejudicial error the giving of certain instructions. The court there had told the jury that ''common carriers of passengers bind themselves to carry safely those whom they take into their cars, so far as human care and foresight will do so; that is, with the utmost care and vigilance of a very cautious person; and such carriers are responsible for any, even the slightest, negligence.'' This court said: ''By the instruction immediately preceding this one the jurors were informed that common carriers are required to do all that human care, vigilance, and foresight *reasonably* can do under all the circumstances' to prevent accidents to passengers. Taken together these instructions correctly state the law. They do not impute to the carrier the duties of an insurer, as appellant contends that they do, nor does the expression 'responsible for any, even the slightest negligence,' cut off appellant from the benefits of the law with reference either to contributory negligence or inevitable casualty. The degree of caution and care imposed upon a carrier of passengers is properly defined by the instruction. (*Treadwell* v. *Whittier*, 80 Cal. 574-585 [22 P. 266, 13 Am.St.Rep. 175, 5 L.R.A. 498] ; *Bosqui* v. *Sutro R. R. Co.,* 131 Cal. 390-401 [63 P. 682] ; *Roberts* v. *Sierra Ry. Co.,* 14 Cal.App. 180-195 [111 P. 519, 527].)''

The general rule with respect to the duty of railroads to passengers to keep the steps or vestibules of cars free from debris or foreign substances other than snow or ice is stated

in a note (34 A.L.R.2d 360) as follows: "A carrier is generally held to be bound to provide safe and convenient means of access to its vehicles and of departure from them, and negligence in the performance of this duty will render the carrier liable to the person injured as a result thereof."

It was a question for the jury whether defendant's servant, the porter, was guilty of a breach of that duty of the "utmost care and diligence" (Civ. Code, § 2100) owed by defendants as a common carrier to plaintiff when he failed to inspect and clean the steps of the Pullman car. (*Murray* v. *United Railroads*, 49 Cal.App. 462, 465 [193 P. 596]; *Wahlgren* v. *Market Street Ry. Co.*, 132 Cal. 656, 663 [92 P. 308, 64 P. 993]; *Hellman* v. *Los Angeles Ry. Corp.*, 135 Cal.App. 627, 633 [27 P.2d 946, 28 P.2d 384]; *Hanton* v. *Pacific Electric Ry. Co.*, 178 Cal. 616, 618 [174 P. 61]; *Baker* v. *Market St. Ry. Co.*, 123 Cal.App. 688, 692 [11 P.2d 912]; *Finkeldey* v. *Omnibus Cable Co.*, 114 Cal. 28, 30, 31 [45 P. 996].) Therefore, the court erred in granting defendants' motion for a nonsuit. " 'The rule is, that negligence is a question of fact for the jury, even when there is no conflict in the evidence, if different conclusions upon the subject can be rationally drawn from the evidence. This proposition has been frequently declared by this court. (*Fernandes* v. *Sacramento etc. R. R. Co.*, 52 Cal. 45; *McKeever* v. *Market Street R. R. Co.*, 59 Cal. 294; *Chidester* v. *Consolidated etc. Co.*, 59 Cal. 197; *House* v. *Meyer*, 100 Cal. 592 [35 P. 308].)" (*Wahlgren* v. *Market Street Ry. Co.*, supra, 132 Cal. 656, 663.) " 'A trial court is justified in granting a motion for nonsuit ". . . when, and only when, disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff." . . .' " (*Finley* v. *City & County of San Francisco*, supra, 115 Cal.App.2d 116, 119.) It may not be here said that there is "no evidence of sufficient substantiality to support a verdict for plaintiff."

Defendants argue (citing 10 Am.Jur., Carriers, § 1394, p. 236) that in order to recover against a carrier for injuries sustained due to the presence of debris or other foreign substance upon the steps of a railway car, it is essential to show knowledge, express or implied, on the part of the carrier of the existence of such a condition. No California

cases on the subject have been cited, nor have any been found; however, here we need not determine the abstract question because the evidence is sufficient to sustain a finding that the cigar butt would have been discovered by the defendants' porter if he had exercised the high degree of care imposed upon him.

Plaintiff contends that the defendants breached their duty of care to him in another respect: That the porter, who had preceded him down the steps and who was standing on the platform at the foot of the steps did not offer to assist him, a crippled passenger.

Defendants argue that the complaint merely alleged that ". . . the defendants and each of them negligently, carelessly and recklessly operated, maintained and controlled the train and coach then and there under their control . . ." and that the complaint is, therefore, insufficient to charge the porter with negligence in his failure to assist the plaintiff while alighting. ■ A plaintiff need only allege negligence in general terms, which means that it is sufficient to allege that an act was negligently done without stating the particular omission which rendered it negligent. (*Brooks* v. *E. J. Willig Truck Transp. Co.*, 40 Cal.2d 669, 680 [225 P.2d 802] ; *Taylor* v. *Oakland Scavenger Co.*, 12 Cal.2d 310, 316 [83 P.2d 948].)

■ The allegation of negligent maintenance and operation would be sufficient to charge the porter with negligence in failing to assist, or offer to assist, a crippled passenger.

■ A note in 55 American Law Reports 394, which cites many cases, points out that "Where a passenger is blind, sick, aged, very young, *crippled*, or infirm, and his condition is apparent or made known to the carrier, it is bound to render him the necessary assistance in boarding or alighting from its trains or cars." (Emphasis added.) In *Croom* v. *Chicago, M. & St. P. Ry. Co.*, 52 Minn. 296 [53 N.W. 1128, 38 Am.St.Rep. 557, 18 L.R.A. 602], the court said: ". . . if the company voluntarily accepts a person as a passenger, without an attendant, whose inability to care for himself is apparent or made known to its servants and renders special care and assistance necessary, the company is negligent if such assistance is not afforded. In such case it must exercise the degree of care commensurate with the responsibility which it has thus voluntarily assumed, and that care must be such as is reasonably necessary to insure the safety of the passenger, in view of his mental and physical condition. This is a duty

required by law as well as the dictates of humanity.'' In *Yazoo & M. V. R. Co.* v. *Littleton,* 177 Ark. 199 [5 S.W.2d 930, 59 A.L.R. 936], where the plaintiff, a boy suffering from typhoid fever, because in a weakened condition, fell while alighting and was injured, the court in affirming judgment for the plaintiff said: ''But, having accepted them as passengers, knowing them to be disabled, it is their duty to render such special attention as may be necessary under the circumstances in each case.'' (To the same effect see *Southern Pac. Co.* v. *Buntin,* 54 Ariz. 180 [94 P.2d 639], which holds that a carrier which knows a passenger to be abnormal, either physically, or mentally, is bound to give such higher degree of care for his safety as his infirmity requires, and a failure to do so is negligence even if the carrier's conduct would not be negligent toward a normal person. See also *McGovern* v. *Interurban Ry. Co.,* 136 Iowa 13 [111 N.W. 412, 125 Am. St.Rep. 215, 13 L.R.A.N.S. 476], and *Martin* v. *Southern Ry. Co.,* 77 S.C. 370 [58 S.E. 3, 122 Am.St.Rep. 574], for the proposition that whether, in a particular instance, the circumstances were such as to suggest the necessity for assisting a passenger to board or alight from a train or a car is essentially a factual one, to be decided in the light of the surrounding circumstances and the character of the hazards presented.)

For the foregoing reasons it appears that the trial court erred in granting defendants' motion for a nonsuit and the judgment is, therefore, reversed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Respondents' petition for a rehearing was denied March 22, 1955.