**AMERICAN PRESIDENT LINES, LTD.,**
Appellant,

v.

**Mildred LUNDSTROM, Appellee.**

No. 18673.

United States Court of Appeals
Ninth Circuit.

Oct. 24, 1963.

Wood, Wood, Tatum, Mosser & Brooke and Erskine Wood, Portland, Or., for appellant.

Green, Richardson, Green & Griswold, Burl Green, Lohman & Robinson and Gerald H. Robinson, Portland, Or., Dick & Dick, and Edgar Dick, The Dalles, Or., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and MURRAY, District Judge.

MERRILL, Circuit Judge.

In this diversity case the sole question upon appeal is whether there is any evidence to show negligence on the part of the appellant. Appellant asserts that the district court erred in failing to take the case from the jury.

Appellee was injured on appellant's ship when she fell during the course of a fire drill. She testified that the cause of her fall was her inability to see, over the bulge of the life jacket she was wearing, the steps she was then ascending. Appellant asserts that there is no evidence whatsoever that the ship's officers or any other agent knew or should have known of the fact that she was unable to see over the bulge of her life jacket.

Appellee was physically impaired. She was suffering from an extreme arthritic condition of her hands and feet. She was recovering from a fractured hip. These disabilities affected her use of her hands, her ability to walk, to go up and down stairs, to open dresser drawers and to dress. Prior to the voyage, appellee's son advised the ship's purser, assistant purser and chief steward of these facts, and they assured him that appellee would be taken care of. Appellee also told the ship's nurse that she had difficulty in going up and down stairs. In the days prior to the accident she had been furnished assistance in dressing, opening dresser drawers and arising from her

chair after meals. It is true that she had descended and ascended stairs to and from the ship's dining room without assistance; but the circumstances of the ascent for the fire drill differed considerably. On that occasion she had to wear a life jacket, other passengers were rushing by her, some thirty people were milling about at the top of the stairway; and, as she testified, these conditions as well as a clanging bell made her nervous and impelled her to hurry. Although a ship's newspaper had announced that all passengers were required to attend the drills, ship's employees neither told her she could be excused nor gave her assistance in the ascent which led to her accident.

A passenger carrier has a duty "to exercise extraordinary vigilance and the highest skill to secure the safe conveyance of the passengers", Allen v. Matson Navigation Co. (9 Cir., 1958), 255 F.2d 273, 277, and if it knows that a passenger has physical disabilities it must exercise such higher degree of care—including giving special assistance—as is reasonably necessary to insure that passenger's safety in view of his disabilities. See McBride v. Atchison, T. & S. F. Ry. (1955), 44 Cal.2d 113, 279 P.2d 966; Croom v. Chicago, M. & St. P. Ry. (1893), 52 Minn. 296, 53 N.W. 1128, 18 L.R.A. 602.

These principles, applied to the facts of this case, would require affirmance unless we accept appellant's contention that, since appellee testified precisely as to the cause of her injury—inability to see over the bulge of the life jacket—the notice to the ship's officers of her disabling circumstances and the failure of those officers to excuse her or provide assistance are wholly immaterial to the question of fault.

In our judgment appellant views the nature of the asserted negligence too narrowly. It can hardly be denied that a life jacket obscures vision to some extent. Moreover, merely because appellee testified that inability to see over the life jacket was the immediate cause of her fall, it does not follow that her known disabilities and the pressing conditions of the drill did not also contribute to the accident. Appellant's care should be judged in view of its duty to anticipate obscured vision not in the abstract but in the light of these other factors.

The question presented is simply whether there is evidence from which it could be found that appellant should have anticipated that appellee, disabled as she was, would be likely to experience unusual difficulties in climbing steps under these fire drill conditions when hampered by a life jacket, and, if so, should have taken steps to guard against injury as a consequence.

The record clearly demonstrates the affirmative.

Judgment affirmed.