FORBES *v.* REINMAN & WOLFORT.

Opinion delivered April 13, 1914.

1. AUTOMOBILES—NEGLIGENCE OF DRIVER—LIABILITY OF OWNER.—The owner of an automobile who lets the same for hire, and furnishes a driver to drive the hirer and his guests, the hirer exercising no control over the driver except to direct him where to go, is liable as master, for the driver's negligence, whereby the occupants of the car are injured. (Page 425.)

2. AUTOMOBILES—PRIVATE CARRIER—DUTY TO PASSENGERS OF MOTOR CAR.— The owner of an automobile who hires the same, and furnishes a driver, to the hirer and his guests, is bound as a private carrier, to exercise ordinary care and diligence, to see that the occupants of the car are safely carried. (Page 425.)

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Bradshaw, Rhoton & Helm,* for appellant.

Where the owner of an automobile furnished it with a chauffeur to another for hire, the owner is liable in

damages for the negligence of the chauffeur where the passenger has no control over the chauffeur other than to tell him where to go. 44 L. R. A. (N. S.) 113; 140 N. W. 184; 87 Ala. 610; 7 So. 666; 72 Ark. 579; 105 Ark. 477; 131 Cal. 129, 52 L. R. A. 205; 46 Ga. 420; 86 Ga. 274; 105 Ill. 364; 168 Ill. 514; 8 Ind. 157; 24 Ind. App. 583; 42 Ia. 246; 38 L. R. A. (N. S.) 973; 75 Ia. 314; 109 Ia. 455; 145 S. W. 155; 147 Ky. 506; 77 Me. 540; 85 Atl. 48; 109 Me. 521; 98 Md. 43; 140 N. W. 184; 62 Miss. 568; 189 Mass. 287; 181 Mass. 416; 196 *Id.* 524; 185 *Id.* 126; 124 *Id.* 24; 204 *Id.* 110; 166 *Id.* 268; 168 *Id.* 12; 160 *Id.* 374; 64 N. H. 361; 66 N. Y. 11; 203 *Id.* 198; 67 N. Y. Supp. 76; 62 *Id.* 1086; 36 Ohio St. 86; 11 Atl. (Pa.) 642; 149 Wis. 528; 74 Atl. 387; 47 N. J. L. 161-167; 116 U. S. 366-380; 12 Prob. Div. 58; Wood on Master & Servant, § § 287-317.

*Baldy Vinson* and *Mehaffy, Reid & Mehaffy,* for appellees.

The relation of appellees to appellant's intestate was not that of a common carrier of passengers, bound to exercise extraordinary diligence for the safety of the passengers, but rather that of bailor and bailee, bound only to the exercise of due care and diligence in the performance of the duty imposed upon him by that character of contract, *i. e.,* to such care and skill as prudent and cautious men experienced in the business are accustomed to use under similar circumstances. 73 Atl. 324; 79 S. E. 77; 49 N. W. 838; 25 Cyc. 1513; 130 S. W. 136-140; Hutchinson on Carriers, § 96; 77 Conn. 688; 44 Ill. App. 97; 77 Conn. 688; 69 L. R. A. 561; 86 S. W. 318.

HART, J.  Appellants brought separate suits against appellees to recover damages on account of the alleged negligence of appellees, and the cases were consolidated for the purpose of trial. The facts, so far as are necessary for a determination of the issue raised by the appeal, are as follows:

Appellees had been engaged in the livery business in the city of Little Rock for several years, and, in connection therewith rented automobiles to such persons as

they chose. In May, 1912, George Forbes telephoned to appellees for an automobile and driver to be used by him and some guests in driving about the city of Little Rock. Forbes had hired automobiles from appellees before this time. Appellees sent an automobile and driver to the place designated by Forbes. Forbes and Mr. and Mrs. E. L. Smith as his guests, entered the automobile and gave directions to the driver as to the places where they wished to go. The driver had control of the machine, and the management of it, and drove it to the places directed by Forbes. While going along High street, in the city of Little Rock, the automobile ran into an express wagon, and Forbes was killed and Mrs. Smith severely injured.

The testimony on the part of appellants tends to show that the collision occurred by reason of the negligence of the driver of the automobile, while the testimony of appellees tends to show that it was caused by the negligence of the driver of the express wagon.

Appellees testified that the chauffeur in charge of their car was an experienced driver, and had been in their employment as long as they had been in the business of hiring out automobiles; that he had never had an accident before, and was both careful and skillful; that the car in question cost $3,500, and was in perfect condition.

The circuit court directed a verdict in favor of appellees on the ground that the only duty appellees owed to the occupants of the car was that of exercising ordinary care in furnishing a safe automobile and a careful and reliable chauffeur. To reverse the judgment rendered, appellants have prosecuted this appeal.

Mr. Hutchinson, in his work on Carriers, third edition, volume 1, section 35, says that private carriers for hire are such as make no public profession that they will carry for all who apply, but who occasionally, or upon the particular occasion, undertake for compensation to carry the goods of others upon such terms as may be agreed upon. At section 37, the same author says that

the bailment to the private carriers for hire being for the mutual benefit of the parties, the law exacts of him a higher degree of diligence than of the carrier without hire; that the measure of his duty is what is known as ordinary care or diligence, and for the lack of this he will be held liable. Again, at section 96 of the same volume, he said: "Ordinarily livery stable keepers engaged in the business of letting for hire teams and vehicles, either with or without drivers, are not carriers of passengers within the legal meaning of the term. They do not hold themselves out as undertaking, for hire, to carry indiscriminately any person who may apply." So it may be said at the outset that the relation between the hirer of the vehicle and the owner is that of bailee and bailor, and the liability of the owner is governed by the rules applicable to such a contract of bailment. Appellees hired to Forbes an automobile and driver to be used by him and his guests in driving around the city of Little Rock; and thus they became a private carrier for hire, and as such were required to use ordinary care and diligence in the performance of the duty imposed upon them by the contract. Counsel for appellees contend that the duty imposed upon the latter was to exercise ordinary care and skill in the selection of the motor vehicle, and also to exercise ordinary care and prudence in the selection of a careful and skilled chauffeur. They cite, in support of their contention, the following cases: *McGregor* v. *Gill,* 86 S. W. (Tenn.) 318; *Payne* v. *Halstead,* 44 Ill. App. 97; *Stanley* v. *Steele,* 77 Conn. 688, 69 L. R. A. 561; *Parker* v. *G. O. Loving & Co.,* 79 S. E. (Ga.) 77. It must be admitted that language is used in all these opinions which tends to sustain the contention of counsel for appellees; but in regard to the last two mentioned cases it may be said that the injury to the occupant of the carriage resulted from a defect in the carriage itself, and the court said that the hirer of the carriage was only bound to use ordinary care and diligence in the selection of the vehicle. The language of the court to the effect that the owner was only required to use or-

dinary care and diligence to select a safe and careful driver is *obiter,* for the question of whether the master had furnished a competent and careful driver was not an issue in the case. In the first two cases, viz., *Mc-Gregor* v. *Gill, supra,* and *Payne* v. *Halstead, supra,* the injury was caused by the alleged negligence of the driver, and the court held that the only duty the owner owed to the person hiring the carriage was to use ordinary care in selecting a competent and skillful driver; but we do not think the holding of these courts can be sustained upon reason and principle. Indeed, a contrary doctrine to that announced by the Illinois Court of Appeals in *Payne* v. *Halstead,* was afterward held by the Supreme Court of that State in a case which we shall refer to later. It is a general rule of law that an injured person may recover against one or both of two wrong-doers between whom there is no concert of action, whose concurring acts produced the injury. In the application of this rule, this court held, in the case of *Hot Springs Street Rd. Co.* v. *Hildreth,* 72 Ark. 572, that one riding in a private conveyance as a guest of its driver, over whom he has no authority or control, and who is injured by the negligence of a third party and the contributory negligence of his entertainer, is not to be defeated in his action against the negligent third party by imputed contributory negligence. The reason that the driver's negligence is not imputed to the injured occupant of the carriage in such cases is that the relation of master and servant, or principal and agent, does not exist between the driver of the carriage and the person riding in it with him. If, on the other hand, a master is riding in his own carriage with his servant driving, and the master is injured by the concurring negligence of his driver and a third person, the master can not recover damages for his injuries from the third person because the negligence of his driver may be imputed to him. The reason that the negligence of the driver is imputed to the master is because the servant is under the direct control of the master. It is also generally held that the owner of an auto-

mobile who leases it with a licensed chauffeur in charge of it at a stated sum is liable to strangers for the negligent acts of the chauffeur, where the lessee has no control over him except as to when and where the car shall be driven. *Shepard* v. *Jacobs,* 204 Mass. 110, 26 L. R. A. (N. S.) 442, and cases cited. The court held that this case turned upon the law of master and servant, and in discussing the question of whether the servant in such cases was the servant of the master or the person who hired the carriage, said:

"In the application of these principles to the hiring of a carriage with horses and a driver, to be used for the conveyance of the master from place to place, it has been held almost universally that in the care and management of the horse and vehicle the driver does not become the servant of the hirer, but remains subject to the control of his general employer, and that therefore the hirer is not liable for his negligence in driving."

The reason the owner of the automobile was held liable in that case was because he stood in the relation of master to the chauffeur, who was the wrong-doer. He had selected the chauffeur as his servant from the knowledge, or the belief, of his skill and care, and the servant was bound to receive and obey his orders. If the owner of a motor vehicle hired to a third person, who exercises no control over the driver of the automobile other than telling him where to go, is liable in damages to pedestrians or the occupants of other vehicles who are injured by the negligence of the chauffeur, we can see no difference in principle in such a case and in one where the occupants of the carriage are injured by the negligence of the chauffeur; for the liability of the owner in each case turns upon the question of whether the chauffeur is his servant or not. If the chauffeur is the servant of the owner, as to strangers, it can not upon principle be said that he is the servant of the person hiring the vehicle when the latter is injured and sues the owner for damages.

Counsel for appellants have cited numerous cases in their brief; but many of them have only an indirect application to the facts of the present case, and we shall only cite those which we deem squarely in point. In the case of *Johnson* v. *Coey*, 237 Ill. 88, 21 L. R. A. (N. S.) 81, the court held:

"The owner of a passenger-carrying automobile can not escape liability for injury to a passenger caused by collision between the automobile and a street car, if the chauffeur negligently ran near the car at high speed without having the machine under control, and, without such negligence, the accident would not have happened, although the immediate cause of the accident was the breaking of a brake-rod through a latent defect, for which the owner was not responsible."

In the case of *Gerretson* v. *Rambler Garage Co.*, 40 L. R. A. (N. S.) 457, the Supreme Court of Wisconsin held:

"A chauffeur sent by the owner of a garage to operate an automobile leased for a pleasure ride, and who obeys the directions of the lessee merely as to routes, is the servant of the owner of the garage, and the latter will be liable for injury inflicted upon occupants of the car through his negligence."

In the case of *Meyers* v. *Tri-State Automobile Co.*, 44 L. R. A. (N. S.) 113, the Supreme Court of Minnesota held:

"Where a dealer in automobiles and owner of a garage lets a car for hire and furnishes a driver, and the hirer exercises no control or supervision over the driver, except to direct him where to go and what route to take, and to caution him against improper driving, the owner is responsible for the negligence of the driver, and the hirer may recover from the owner in damages for an injury caused by the driver's negligence." The court said: "Both on principle and authority, we decline to follow the rule that the defendant is liable only for the exercise of care in the selection of the driver. We apply the ordinary rule of *respondeat superior* to this case,

and hold that where a dealer in automobiles and owner of a garage lets a car for hire and furnishes a driver, and the hirer exercises no control or supervision over the driver except to direct him where to go and what route to take, and to caution him against improper driving, the owner is responsible for the negligence of the driver, and the hirer may recover from the owner in damages for an injury caused by the driver's negligence.''

In *Routledge* v. *Rambler Automobile Co.* (Texas Civil Appeals), 95 S. W. 749, plaintiff was riding as guest of others who had hired an automobile and chauffeur. It was held he was entitled to recover for an injury caused by the negligence of the chauffeur.

As we have already seen, a private carrier is not bound to exercise the highest degree of care for the safety of his passengers, as in the case of a common carrier; but he is bound to exercise ordinary care and diligence to carry his passengers safely. If a private carrier should drive his own vehicle and should cause injury to his passengers by his negligent driving, he could not escape liability by proving that he was ordinarily a safe and careful driver. The reason is that in such case he is a wrong-doer, and his primary negligence being the proximate cause of the injury, he is liable for the damages sustained. So, too, if he delegates to another the duty to drive his vehicle and his passengers are injured by reason of the negligence of his driver, the rule of *respondeat superior* applies, and the owner is liable. In the case at bar, under the facts shown by appellants, the occupants of the car exercised no authority whatever over the driver, except to direct him where to go. The operation and management of the car were exclusively in charge of the driver. The testimony of appellants also shows that the occupants of the car were injured by the negligence of the driver. It would not be doubted for an instant that in such a case the driver himself would be liable. This is so because, under the circumstances, he would be a wrong-doer, and, his primary negligence

being the proximate cause of the injury to the passengers, he would be liable therefor.  If, as we have already seen, he was at the time the servant of the owner of the car, such owner would also be liable in damages under the doctrine of *respondeat superior*.  This rule is especially applicable in the case of one letting out automobiles for hire.  Motor vehicles are complicated machines, and are capable of being run at a very high rate of speed. It is necessary for the safety of their occupants, as well as for the protection of pedestrians and other persons in vehicles using the streets, that the drivers of such machines should be competent persons, and that such drivers be required to exercise ordinary care and diligence in running their machines.  Under the authorities cited above, and upon principle, we do not think that the owner of an automobile, under the facts shown by appellants, can absolve himself from liability by proving that he had employed a careful and competent driver.  He also owes the occupants of the automobile the duty to exercise ordinary care to carry them safely to their destination.

It follows that the court erred in directing a verdict for appellee, and for that error the judgment will be reversed and the cause remanded for a new trial.