MO. PAC. TRANSPORTATION COMPANY *v.* GUTHRIE.

5-1197                                                    299 S. W. 2d 829

Opinion delivered March 18, 1957.

*Wiley Bean* and *Barber, Henry & Thurman,* for appellant.

*Thomas E. Downie; Lee & Booth,* Tulsa, Okla., for appellee.

GEORGE ROSE SMITH, J.   This is a personal injury suit brought by Vesta Jewell Guthrie and her husband to recover for injuries sustained by Mrs. Guthrie as she was alighting from the appellant's bus at Clarksville. It is asserted that the appellant's driver was negligent in failing to assist Mrs. Guthrie, whose vision is seriously defective.   The case was submitted to the jury under

the comparative negligence statute. Ark. Stats. 1947, §§ 27-1742.1 and 27-1742.2. The jury found that half the total negligence was attributable to Mrs. Guthrie and half to the bus company and its driver. The verdicts were accordingly for the plaintiffs in half the amount of their respective total damages. For reversal it is contended that there is no substantial evidence to support the finding of negligence on the part of the bus company and its driver.

We think the conflicting evidence presented a question for the jury. Mrs. Guthrie testified that when she boarded the bus at Fort Smith she told the driver that she was practically blind and would need help in getting off at Clarksville. It is conceded that in these circumstances the bus driver owed his passenger a duty of assistance. *Payne* v. *Thurston,* 148 Ark. 456, 230 S. W. 561. Mrs. Guthrie says that she sat in the first seat behind the driver. According to her, when the bus stopped at Clarksville the driver announced the station and immediately left the bus without offering to help her. She waited "a few minutes," decided that the driver had forgotten her, and fell as she was attempting to alight by herself. The driver testified that upon stopping the bus at Clarksville he set the brakes, turned on the interior lights, and had just started down the steps of the bus when Mrs. Guthrie fell against him from behind. Which version of the accident is the true one was plainly an issue for the jury.

It is also contended that even if Mrs. Guthrie's testimony is accepted the sole proximate cause of her injuries was her negligence in attempting to leave the bus without assistance. To sustain this contention would in effect revive the doctrine that contributory negligence in any degree is a complete bar to recovery. Here the evidence warranted the jury in finding that, although Mrs. Guthrie was herself guilty of negligence, the bus driver's failure to render assistance was also a proximate cause of his passenger's fall.

Affirmed.