HALPERIN *v.* HOT SPRINGS STREET RAILWAY COMPANY.

5-1272                                          302 S. W. 2d 535

Opinion delivered May 27, 1957.

*Richard W. Hobbs* and *B. W. Thomas,* for appellant.

*House, Holmes, Roddy, Butler & Jewell* and *Charles J. Lincoln,* for appellee.

PAUL WARD, Associate Justice.   On April 5, 1955 appellant, Tillie Halperin, a woman 61 years of age, was injured as she was trying to alight from a bus owned by appellee, Hot Springs Street Railway Company, and operated by one of its employees, after the bus had stopped on Central Avenue in front of the Arlington Hotel in Hot Springs.

On April 11, 1955 appellant filed her complaint for damages against the Railway Company, charging the company with negligence in the following particulars: The driver of the bus "negligently and carelessly failed to pull the bus into the designated bus stop, negligently failed and omitted to give the plaintiff due and timely warning or any warning at all of the dangerous condition of the street;" That the driver of said bus came to a stop "approximately 3 feet from the curb and approximately 13 feet from the regular designated bus stop, and that there was a deep hole in the pavement immediately in front of the rear door where the passengers alight;" That the driver of said bus saw, or should have seen, that if he opened the door to permit passengers to alight at the point where he did stop the passengers would be in danger of falling into said hole in the street and that it was not a safe place to stop the bus for discharging passengers, and; Her injury was a direct result of appellee's negligence as set out above. To the above complaint appellee entered a general denial and later, by amendment, pleaded contributory negligence on the part of appellant.

At the close of appellant's testimony the trial court, on motion, instructed the jury to return a verdict in favor of the Railway Company. This action by the trial judge apparently (judging from his remarks to the attorneys) was based on the grounds that the testimony showed no negligence on the part of the Railway Company or its employee but did show contributory negligence on the part of appellant.

We think the court was in error. While the record is somewhat voluminous, the facts essential to this opinion are relatively few and, for the most part, undisputed.

Appellant was at the time of the accident, and for several months previously, had been working for Doctor McWorter in the Medical Arts Building which is located on Central Avenue, just across the street from the Arlington Hotel. She rode to work each morning

on a bus belonging to the appellee company. On many such occasions she alighted from the bus at the same place where it was supposed to have stopped at the time of the accident. On the day of the accident, April 5, 1955, appellant had eaten lunch on Central Avenue some considerable distance south of the Arlington Hotel. After lunch she boarded the bus in question to return to her place of employment. When the bus stopped in front of the Arlington Hotel she was injured while attempting to alight. The following facts are undisputed: The bus did not stop where it was supposed to stop, but did stop some distance (alleged to be 13 feet) to the south. When the bus came to a stop it was some 2 or 3 feet from the curb, and just in front of the rear door (which appellant used in departing) was a storm sewer opening in the curbing. This opening was 4 or 5 feet in length and apparently 8 or 10 inches high. Starting back in the street about 26 inches from the opening the street sloped gently to the opening. Several pictures of the opening and the adjacent portion of the street and curb are in the record.

Since no one who testified was in a position to know the details of just how the accident happened except appellant, it is important, and we shall attempt, to set out her material testimony in detail. She stated: When the bus stopped I ''got up and walked toward the rear door of the bus . . . '' ''I held on to the rail, I guess you call it a rail, inside the bus—there is a seat on the side, see? I held on to that rail with my right hand and stepped down with my right foot on the bus step; and I didn't see the drain because in glancing the way I was standing the view was obscured, and I just gripped on to the door before I started to step, and when I had hold of the door and started to step is when I realized what I was getting into. I realized that the hole was there and I gripped frantically to the door with my right hand, trying to pull my foot back, and by that time it had hit the pavement, down in the drain, the incline, you know. And I was trying to get my foot back; and in some manner I must have pulled

my foot back enough and I felt my hand give way and I fell to the—gutter, with my left foot kind of up under my right leg . . .'' ''I grabbed onto the door with my right hand, to keep from going into that drain.'' I don't think the bus was more than 2 feet from the curb. I was pretty close to it and my foot was going into the drain. ''Well, I figure I would have gone into the hole with my left foot if I hadn't started pulling myself back and tried to keep out of it.'' ''. . . it happened so suddenly that I really—for a second there I didn't know when I fell, when my hand gave way and I fell, then I was kind of stunned.'' When I fell my left foot was under my right leg and ''my right leg was stretched out over the drain.'' ''Well, it all happened so quickly. I looked when I got hold so I could support myself in stepping down but I was stepping practically at the same time and I didn't see the hole and didn't expect it there.''

Viewed under the applicable rules, we think the above testimony presented a question for the jury. As stated in *Missouri Pacific Transportation Company* v. *Robinson,* 191 Ark. 428, 86 S. W. 2d 913, and other cases, ordinarily negligence and contributory negligence are questions for the jury. Our decisions also are uniform in holding that, where a verdict is directed in favor of a party, the testimony will be given its strongest probative force for the party against whom it is directed. In the *Robinson* case cited above, it was said, at page 432 of the Arkansas Reports, ''The law imposes the highest degree of skill and care upon common carriers consistent with the practical operation of their cars to furnish their passengers a safe place to get on and off.''

Appellee attempts to justify the action of the trial court on the ground that the testimony shows appellant was guilty, as a matter of law, of contributory negligence, but such contention cannot be sustained.

It is true that appellant apparently could have seen the opening in the curb if she had looked for it, but she had alighted at the same bus stop (at the proper

place) many times before and, of course, knew there was no such hazard as an opening in the curb. Her testimony on this point was: Q. "Let me interrupt Mrs. Halperin.. You stated you had stepped off the bus a good many times before. You mean the regular bus stop?" A. "At the regular bus stop, yes."

It cannot be said, as a matter of law, that appellant's injury was caused solely by her negligence in letting go of the railing. It might be that she acted as she did because of the situation of peril in which she unexpectedly found herself — as a result of the bus failing to stop at the proper place. All these situations raised questions which, we think, presented themselves to a jury, as before stated. Consequently the cause must be reversed for further proceedings.

Several questions concerning the admissibility of evidence are discussed in the briefs. By stipulation, appellant took the deposition of Modine Grisham with appellee's attorney present. On cross examination, appellee's attorney asked several questions which (in most instances) called for answers based on conclusions or hearsay. In some instances the trial court refused to admit the answers. We think this was error. The rule is, as stated in Professor Conrod's work on Modern Trial Evidence, Vol. 2 at page 371, "A party litigant cannot object to evidence which he himself has solicited." Appellee recognizes this rule but thinks it does not apply to discovery depositions. It is unnecessary for us to decide whether the rule does or does not so apply because a discovery deposition is not involved here. We feel that the above comments will prevent any further disagreements over the admissibility of similar testimony.

Therefore the cause is reversed for further proceedings consistent with this opinion.