**Mamie E. BOYLE, Appellant,**

v.

**Melvin SIMON, and Herbert Simon, as Individuals, and as general partners in the Limited Partnership known as McCain Mall Company, and M. S. Management Associates, Inc., Appellees.**

No. 76–2084.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1977.

Decided July 25, 1977.

J. R. Nash, Little Rock, Ark., argued and filed briefs, for appellant.

Robert L. Henry, III, Little Rock, Ark. (argued), and Barber, McCaskill, Amsler & Jones, Little Rock, Ark., on brief, for appellees.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

On February 21, 1975, Mamie Boyle traveled to the McCain Mall Shopping Center in North Little Rock, Arkansas, to shop at one or more of the stores within the Mall complex. After visiting a J. C. Penney store on the Mall's main floor, she proceeded west on the same level towards a Sears store. A decorative depression in the floor level lay directly in her path to that store. The depression is approximately twenty feet in diameter and nearly a foot below the main floor level. Three four-inch steps lead from the floor level down to the surface within the depression. Confused by the colorful floor design, Mrs. Boyle was unaware that a drop in floor level lay ahead and fell on the stairsteps leading into the depression.

Mrs. Boyle brought suit against the Mall owners alleging that the depression area and the steps leading to it were dangerous to pedestrian traffic because of their design and color scheme, and that the defendants were negligent in failing to correct the hazard or to warn customers of it. The case was tried before a jury and they returned a verdict for Mrs. Boyle in the amount of $25,000. The defendants filed a motion for judgment notwithstanding the verdict and that motion was granted by the court. In its opinion, the District Court concluded that there was no competent evidence from which a jury might infer that the defendants maintained the depression area in a negligent manner. The court implied that Mrs. Boyle should have offered expert testimony to establish that the color and design of the area were visually confusing. Absent such evidence, the steps themselves were not, in the court's judgment, a sufficiently dangerous condition to present a jury issue on the Mall owner's negligence. Because we disagree with the District Court's assessment of the evidence adduced, we reverse its judgment and reinstate the jury verdict.

It is well settled in this Circuit and in Arkansas that questions of negligence and contributory negligence are, except in plain and indisputable cases, issues for jury determination. *Frisby v. Olin Mathieson Chemical Corp.,* 279 F.2d 939 (8th Cir. 1960); *Craighead v. Missouri Pac. Transp. Co.,* 195 F.2d 652 (8th Cir. 1952); *Tiner v. Tiner,* 238 Ark. 222, 379 S.W.2d 425 (1964); *Halperin v. Hot Springs St. Ry. Co.,* 227 Ark. 910, 302 S.W.2d 535 (1957). Here, the issue of negligence was submitted to the jury, but its determination was overturned by the District Court. In *Compton v. United States,* 377 F.2d 408 (8th Cir. 1967), we stated:

> The standard required for entry of judgment n. o. v. is the same as is required for a directed verdict, and, unless it can be said that reasonable persons cannot disagree as to the facts or inferences drawn therefrom, the jury verdict must stand. *Ahmann v. United Airlines,* 313 F.2d 274 (8th Cir. 1963) * * *. It is only where there is *no evidence of substance* upon which reasonable men could differ that the trial court is empowered to set the jury verdict aside. *Nat. Equipment Rental, Ltd. v. Stanley,* 177 F.Supp. 583 (E.D.N.Y.1959).

*Id.* at 411–412 (emphasis added).

Our review of the record indicates that there was evidence of substance to support the jury's verdict.

As noted above, the plaintiff's theory was that the color scheme and design of the depression area were such that a customer exercising reasonable care might not recognize the lower level at all but believe the area was a continuous level surface from J. C. Penney to Sears. In support of this theory, Mrs. Boyle took the stand and testified as follows:

Q. Did you know that there were any steps there?

A. No, I just was watching all the stripes and checks under my feet and I just walked off in there. It was so deceiving and nothing there to warn you. There is no rail or anything there to warn anyone that place is there.

Q. Were you paying attention to where you were going?

A. Oh, sure.

Q. Were you looking up or down?

A. I was watching like I said, I was looking at all of that under my feet and I was just walking along there looking at all those checks and stripes and designs under my feet and I thought it was that way all the way to Sears.

This evidence tends to show both that the design and color scheme of the depression area were dangerous and that Mrs. Boyle exercised reasonable care in proceeding along that route. Thus, it is probative both on the negligence and contributory negligence issues. Significantly, the District Court commented in its memorandum opinion that Mrs. Boyle was a "sympathetic witness" and that her testimony presented no credibility issues.

In addition, pictures of the depression area and the steps leading to it were offered as evidence. In our judgment, these pictures were persuasive evidence that the floor color scheme and design might deceive a reasonably careful pedestrian. They reveal a symmetrical pattern of colors beginning at the center of the depression and spreading evenly to the outer edge of an area which includes at least sixteen inches of the floor level of the pedestrian walkway. The three steps leading to the depression area are similar in color to the last sixteen inches of the floor level walkway and from a distance blend into the colors of the depression and the colors of the walkway. No handrails or warning signs notify pedestrians of the step down. Photographic evidence of confusing color schemes has been used in similar "fall cases" to establish the same theory of negligence relied on in this case by Mrs. Boyle. *See Boggs v. Griffeth Brothers Tire Company,* 125 Ga.App. 304, 187 S.E.2d 915 (1972).

The plaintiff also offered the testimony of an employee at the McCain Mall who indicated that it was difficult to recognize the same steps on which Mrs. Boyle stumbled. In our judgment, this evidence was more than sufficient to present a jury issue on the question of defendants' negligence.

The opinion of the District Court indicates that there was some confusion over the theory plaintiff was pursuing and its basis in Arkansas law. It suggests that liability under a theory of negligent maintenance is, in some way, limited to the owner's obligation to keep a facility in good repair and to correct hazards caused by deterioration. Since there was no attempt to show deterioration or negligent upkeep, the court may have granted defendants' motion because there was no evidence on this issue.

Several jurisdictions, in cases factually indistinguishable from ours, have acknowledged another facet of the negligent maintenance theory—namely, that an owner must protect invitees, by the use of warning signs or other precautions, from conditions made unsafe, not by deterioration or improper upkeep, but from confusing design patterns which mask the step down or other hazard. *See Boggs v. Griffeth Brothers Tire Company,* 125 Ga.App. 304, 187 S.E.2d 915 (1972); *Carroll v. Almy Bigelow & Washburn, Inc.,* 349 Mass. 764, 208 N.E.2d 239 (1965); *Croker v. WTAR Radio Corp.,* 194 Va. 572, 74 S.E.2d 51 (1953). Although no Arkansas court has passed on a fact situation similar to ours, several decisions recognize an owner's duty

to warn invitees of potentially hazardous design conditions. *Ferguson v. Ben M. Hogan Company,* 307 F.Supp. 658 (W.D.Ark. 1969); *Fidelity-Phenix Insurance Co. v. Lynch,* 248 Ark. 923, 455 S.W.2d 79 (1970). Because these decisions acknowledge the same general principles on which plaintiff's theory is based and because plaintiff's theory is widely recognized in other jurisdictions, we are satisfied that the Arkansas courts would adopt it if presented with our fact situation.

For the reasons outlined above, we reverse the decision of the District Court and reinstate the jury verdict.

ROSS, Circuit Judge, dissenting.

I would affirm the judgment of the trial court. Contrary to the view expressed by the majority, I believe that the pictures in evidence were conclusive evidence that a reasonably careful pedestrian should not have been deceived by the color scheme and design in the area of the steps.